## Hart *v.* Bludworth.

*Action for Breach of Special Contract.*

*Assignment of breach.* — In an action to recover damages for the breach of a special contract for the delivery of cotton at a specified time and place, an averment in the complaint that the defendants "have failed and refused to comply with their said contract," is not a sufficient assignment of a breach.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

The complaint in this case was in the following words : —

" The plaintiff claims of the defendants the sum of fifteen hundred dollars, as damages for the failure to comply with the following special contract, which was entered [into] in writing by the defendants with plaintiff, on the 23d day of October, 1865, to wit : The defendants, for a valuable consideration, promised to deliver to plaintiff, in the city of Eufaula, County of Barbour, and State of Alabama, on the first day of October, 1868, ten bales of ginned cotton, averaging five hundred pounds each, and said cotton to class strict middling ; and the plaintiff avers that the defendants, though often requested so to do, have failed and refused to comply with their said contract ; and plaintiff further avers that said cotton, at the time and place it should have been delivered, was reasonably worth the sum of fifteen hundred dollars."

The defendants demurred to the complaint, " because no breach of the contract sued on is stated therein ; " but the record nowhere shows what action was had on the demurrer. The judgment entry recites that " issue was joined on the defendants' plea of the general issue." " On the trial," as the bill of exceptions states, " after reading his complaint to the jury, the plaintiff offered in evidence, as the cause of action, a written contract, in the words and figures following : ' Ten bales of cotton. Eufaula, Ala., Oct. 23, 1865. By the first day of November, 1868, we, or either of us, promise to pay J. M. Bludworth, or bearer, ten bales of ginned cotton, each weighing five hundred pounds, to class strict middlings, for value received ; said cotton to be delivered in Eufaula ; this note given in part for said Bludworth's plantation on White Oak Creek.' (Signed) ' Thos. J. Cannon, H. C. Hart, security.' The defendants objected to the introduction of said writing as evidence, on the ground that there was a variance between it and the contract set out in the complaint ; but the court overruled the objection, and permitted said contract to be read in evidence, to which the defendants excepted. Defendants admitted the value of the cotton to be twenty-three cents per pound on the 1st November, 1868, as stated by the plaintiff's witnesses ; which,

[Glover v. Robbins.]

with the contract in writing, was all the evidence introduced. Thereupon, the defendants asked the court to charge the jury that the written contract read in evidence by the plaintiff is the only evidence to establish the contract sued on by the plaintiff, and that the plaintiff is not, under the complaint, entitled to recover on that proof alone ; which charge the court refused to give, and the defendants excepted."

The refusal of the charge asked, the admission of the contract offered in evidence, *and the overruling of the demurrer to the complaint*, are the matters now assigned as error.

J. L. PUGH & J. M. BUFORD, for appellant.

SHORTER & McKLEROY, *contra*.

B. F. SAFFOLD, J. — The demurrer to the complaint ought to have been sustained. A breach of an independent covenant or agreement is not sufficiently assigned by alleging that the defendants " have failed and refused to comply with their said contract." The defendants are not apprised in what particular they have failed. The defect is not cured by the averment " that said cotton, at the time and place it should have been delivered, was reasonably worth the sum of fifteen hundred dollars." It suggests the nature of the breach, but does not charge it.

The meaning of the charge asked by the defendant, which was refused, is not clear. The written contract, being the foundation of the suit, and executed by the parties sought to be charged, proved itself, unless its execution had been denied by a sworn plea. R. C. § 2682. But there was no evidence of any breach. The only evidence introduced was the writing, and the admission in respect to the value of the cotton.

The judgment is reversed, and the cause remanded.