# Marx *v.* Kilby Locomotive & Machine Works.

## *Breach of Contract.*

(Decided May 24, 1909. Rehearing denied June 30, 1909. 50 South. 136.)

1. *Contracts; Construction.*—Plaintiff owned a wrecked locomotive and contracted with defendant to overhaul the locomotive and put it in first class order and furnish all the necessary material, labor and other items to make it a complete and salable machine. The contract price was $1,250.00 to be borne share and share alike by plaintiff and defendant on joint account, with the provision that either party might sell the locomotive for $2,500.00 on their joint account. Under such a contract the defendant was bound to make the locomotive a complete and salable machine for the sum of $1,250.00 as a maximum price, and was not excused from performing because it developed subsequently that there were hidden defects which rendered it impossible to repair the same, for that amount, no fraud having been shown in the making of the contract.

2. *Same; Breach; Evidence.*—Where the contract absolutely bound the defendant to repair a locomotive for the sum of $1,250.00, and it was admitted that he failed to do so, evidence that the locomotive had defects not discoverable by an ordinarily careful investigation, together with the cost of making it, a complete and salable machine, and the defendant's reason for not making the repairs was immaterial.


APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by A. Marx against the Kilby Locomotive & Machine Works for breach of a contract. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

[Marx v. Kilby Locomotive & Machine Works.]

The contract referred to in the opinion is as follows: "A. Marx agrees to sell for joint account with the Kilby Locomotive & Machine Works one standard-gauge Forney type locomotive, with all parts belonging to same that he might have, and as seen and inspected by their representative this day on barge on the New Basin Canal, for the sum of $300, delivered on cars at Anniston, Alabama. The Kilby Locomotive & Machine Works agree to take charge of this locomotive on its arrival at Anniston, overhaul same thoroughly, and put it in first-class running order, furnishing all the necessary materials, labor, and whatever other incidental items that may be necessary to make this a complete and salable machine, for the sum of $1,250, which amount shall be borne share and share alike by the named parties to this joint account. (Here follows an agreement that the selling price shall be $2,500, and that either may sell at that price, but immediately notify the other, etc.) It is understood and agreed that as the work progresses the Kilby Locomotive & Machine Works will make to said A. Marx an account of the costs advanced, and the said A. Marx in turn is to reimburse the said Kilby Locomotive & Machine Works one-half of such amount as will be furnished by them, but not until the said A. Marx has been reimbursed with the original cost of the locomotive, which is $300." The breach declared on is that the defendant has failed and refused to pay plaintiff his share of this agreement.

The pleas are as follows: "Defendant avers that, after it had received said locomotive and proceeded to make repairs upon the same to the extent of about $300, it was ascertained that there were inherent and hidden defects in said locomotive, which destroyed said locomotive as a commercial proposition and rendered it worth-

less, except for scrap iron, and that it would have cost more than $2,500 to have made the necessary repairs and to have made it salable. Defendant further avers that these defects in said locomotive were latent, and could not have been discovered by the exercise of reasonable diligence until the said sum of about $300 had been expended in repairs, and until the defendant had gotten to see the inside of said locomotive, when it was then ascertained that it was worthless and fit only for scrap iron. Defendant further avers that the expenditure of the maximum sum of $1,250 in repairs, which was all it was authorized by said contract to have expended in repairing said engine, would not have repaired said locomotive, or made it marketable, or made it more valuable than mere scrap iron, and that it would have taken about $3,000 or more to have made said engine marketable, and then it would have been worth only about $2,000 or $2,250, and would then have been a losing investment for both plaintiff and defendant. And defendant further avers that it notified plaintiff's general manager and agent, Edward Marx, who came to defendant's shops and inspected said locomotive, that it was fit only for scrap iron, and that the defendant intended to sell it for scrap iron for the joint account of both plaintiff and defendant, which defendant did. (4) Each count of plaintiff's complaint is based upon an alleged breach of contract which is therein set forth, and defendant avers that after it began to work upon said locomotive it discovered latent defects in the same, which were unknown and could not have been discovered by defendant at the time of the execution of said contract, or until after it had made certain repairs upon said engine, and that these defects in said locomotive were hidden and undiscoverable by the exercise of reasonable diligence, and rendered said locomotive abso-

[Marx v. Kilby Locomotive & Machine Works.]

lutely worthless except for scrap iron; and defendant avers that, even if it had expended the maximum amount of repairs stipulated for in said contract, towit, $1,250, the said locomotive would not have been worth anything like that sum, and hence the expenditure of said amount would have resulted in loss both to plaintiff and defendant, and the locomotive, after defendant had expended about $300, was found to be valuable only as scrap iron, and it was sold as scrap iron by defendant, after notice to plaintiff, for the joint account of plaintiff and defendant."

VON L. THOMPSON, for appellant.—The court erred in overruling plaintiff's demurrer to the 3rd plea.—*Harmony v. Bingham,* 62 Am. Dec. 142; *Beebe v. Johnson,* 32 Am. Dec. 518; *Jennings v. Lyons,* 20 Am. Dec. 551; 7 A. & E. Ency. of Law, 148; Bishop on Contracts, sec. 582 and 590. On these same authorities, the court erred in overruling demurrers to plea 4. There could be under the circumstances in this case, and under the contract, no implied warranty.—*Barnett v. Staton,* 2 Ala. 182; *Perry v. Johnson,* 59 Ala. 648; *Englehart v. Clanton,* 83 Ala. 336; *Moore v. Barbour,* 118 Ala. 563; 15 A. & E. Ency. of Law, 1221-2. The contract having fixed the terms between the parties, the evidence offered and objected to was irrelevant and immaterial, and should have been excluded.—*Barnhill v. Howard,* 104 Ala. 414; *Moore v. Barbour, supra; Troy Groc. Co. v. Potter,* 139 Ala. 259.

WILLETT & WILLETT, for appellee.—The rule governing the construction of the contract in question is well stated in the following cases.—*Pollard v. Maddox,* 28 Ala. 320; *T. & C. R. R. Co. v. Ala. Ry. Co.,* 73 Ala. 426; *Williams v. Glover,* 66 Ala. 189; *Keeble v. Keeble,* 85

Ala. 555; *Henderson v. Murphy,* 109 Ala. 556; *H. A. & B. R. R. Co. v. Bir. U. Ry. Co.,* 117 Ala. 511. Under the rules here laid down the construction of the contract contended for, follows, and appellant cannot claim under the contract either that appellee should bear all the loss in discovering the inherent defect or that defendant should put in first-class repair a worthless engine which plaintiff had contributed to his joint account. Each party to the contract should bear the loss of the joint undertaking in common. If this construction be correct, then the other errors were errors without injury, if errors they be.—*Sloss v. Inman,* 129 Ala. 424; *Pulliam v. Schimpf,* 109 Ala. 184.

SAYRE, J.—The contestation between the parties to this record arises out of variant interpretations given by them to the contract between them. Unquestionably the object of all exposition of written instruments is to determine the expressed intention of the parties. Appellant owning a locomotive which had been injured in a wreck, and appellee having facilities and being engaged in the business of repairing machines of the kind, entered into an undertaking for the repair and sale of the locomotive on joint account. Appellee's theory of the contract, advanced in pleas 3 and 4, is that the stipulation for the repair of the engine at a cost of $1,250 intends that said sum is the maximum expenditure required to be made for that purpose. In this we think the appellee misconceives the meaning of the contract. The unconditional requirement of the contract is that the appellee should put the engine in first-class running order, furnishing all the necessary material, labor, and whatever other incidental items may be necessary to make it a complete and salable machine, for the sum of $1,250, which amount shall be borne share and share

alike by the parties to the joint adventure. Appellee's contention that the subsequently developed fact that the machine, by reason of hidden defects, could not be made a complete and salable machine for the stipulated cost, will excuse it from further performance of its engagement, seeks to interpolate a condition which has nothing to justify it in the immediate clause or in the context. "One's undertaking, therefore, will bind him to whatever it is within the scope of private exertion to accomplish without violating the law, however inconven- ient, however many obstacles he may encounter, and however impossible its doing may be to him."—Bishop on Contracts, § 591. *Dermott v. Jones,* 2 Wall. 2, 17 L. Ed. 762; *Brumby v. Smith,* 3 Ala. 123; *Reid v. Edwards,* 7 Port. 508, 31 Am. Dec. 720. The contract in question bound the appellee to make a complete and salable machine of the locomotive at a cost to the joint account of $1,250, and it cannot be relieved of its duty to the appellant by reason of the fact that its engagement proved to be unprofitable to itself. It was within the possibilities of the undertaking, as expressed, that it might result in profit to appellant while involving loss to the appellee, and this the parties must be held to have had in contemplation when they entered into the contract. There was error in overruling the appellant's demurrers to special pleas 3 and 4.

On the interpretation of the contract which we have adopted, all those questions propounded by the appellee to the witness Clark, with the purpose and effect of showing that the locomotive had defects not discoverable by an ordinarily careful inspection, the cost of making it a complete and salable machine, and appellee's reason for not completing the repairs as provided in the contract, were, in the presence of the conceded fact that the machine had not been made complete and salable,

and in the absence of any charge of fraud on the part of appellant, improperly allowed. They will probably not recur upon a second trial, and we need not consider them in detail.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.


