# Norton v. Allaire-Woodwood & Co.

## Assumpsit.

(Decided February 12, 1914.   64 South. 609.)

1. *Sales; Contract; Breach; Complaint.*—After averring performance on plaintiff's part, an allegation in a complaint for breach of a contract of sale that defendant attempted to repudiate the agreement and refused to carry it into effect to plaintiff's damage, wherefore, plaintiff avers that the sums of money claimed with interest thereon were due and unpaid, were sufficient to charge defendant's breach of contract, as against the demurrers interposed.

[Norton v. Allaire-Woodwood & Co.]

2. *Evidence; Documents; Authentication.*—Where a witness testified that defendant attached her signature by her own hand to the written, unattested contract sued on, the contract was sufficiently authenticated to render it admissible in evidence.

3. *Appeal and Error; Record; Review.*—Where the bill of exceptions showed no charges given or refused, an objection that the court erred in refusing defendant's request for the general charge, will not be reviewed on appeal, although such a charge was copied in the transcript with a notation of the court's refusal thereof.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by Allaire-Woodwood & Company against Mrs. E. B. Norton. Judgment for plaintiff and defendant appeals. Affirmed.

Z. T. RUDOLPH, for appellant. No brief reached the Reporter.

STERLING A. WOOD, and CLEMENT R. WOOD, for appellee. No brief reached the Reporter.

SAYRE, J.—Appellant demurred to count 7 of the complaint on the ground that it failed to show a breach of the contract alleged. The meaning, in short, of the contract, which is set out in the count, is that plaintiff would ship to defendant one keg of insect powder for which defendant would pay $36. After averring performance on its part, plaintiff averred that thereafter defendant did "attempt to repudiate the said agreement and refused to carry the same into force and effect, to the damage of the plaintiff in the sums aforesaid; wherefore plaintiff avers that the said sums of money (the sums claimed in the fore part of the count) with interest thereon are now due and unpaid." If it be true that defendant's default is not alleged secundum artem, still we hardly see how plaintiff could have any more effectively informed the common understanding that defendant had failed to pay the sum agreed upon. The

count is good, and those cases cited by appellant (*L. & N. R. R. Co. v. Williams,* 113 Ala. 402, 21 South. 938, and cases there cited) which hold that this court will not do the vain thing of affirming a judgment rendered upon a complaint which does not state a cause of action are without application.

Appellee's witness Hornor testified to the effect that defendant attached her signature by her own hand to the paper writing declared upon and offered in evidence. The writing, which was unattested, was properly received on this evidence of its execution. The authorities cited by appellant to this point do not appear to have any bearing upon the question raised by the exception to this evidence.

Charges given or refused, to be made the subject of review, must be shown by a bill of exceptions. The bill in this case shows no charges, and for this reason appellant's argument in reference to the court's action in refusing to her the general charge cannot be reviewed notwithstanding the charge, with the court's notation of refusal upon it, is copied into the transcript. We will say, however, that the case upon the whole seems to have been properly submitted to the decision of the jury, and the result, as for anything appearing, must be allowed to stand.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.