# Woodward Iron Co. *v.* Frazier.

## *Breach of Contract.*

(Decided November 7, 1914.  Rehearing denied December 17, 1914.
67 South. 430.)

1. *Contracts; Breach; Complaint.*—A complaint for the breach of
a contract must assign the breach with such certainty and particu-
larity as will apprise the defendant of the particulars of his failure
to perform same, and a general averment of a breach, without giving
the nature or character thereof is not sufficient.

2. *Sales; Breach of Contract; Complaint.*—In an action for breach
of contract of sale, which contract authorized the buyer to notify
the seller when to ship, and that the contract could be cancelled by
either party on sixty days' notice, a complaint which avers, after
charging a breach generally, that the buyer notified the seller not to
ship any more goods, failed to show the nature of the breach of the
contract by the buyer, and was therefore demurrable.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. W. Frazier against the Woodward Iron
Company.  From a judgment for plaintiff, defendant ap-
peals.  Reversed and remanded.

Count B is as follows: Plaintiff claims of defendant
$1,000 as damages for that heretofore, to-wit, about No-
vember 20, 1911, defendant entered into a contract with
plaintiff which was in words and figures as follows:
"Woodward, Ala., Nov. 20, 1911.  Mr. W. W. Frazier,
R. F. D. No. 1, Bessemer, Ala.—Dear Sir:  Referring
to verbal order given you by R. E. Banister, please enter
our order for from one to three car loads of logs per
week, for use at our red ore mines, the supply of logs to
be in accordance with the needs of our mines.  Each log
to be of the following specifications:  Diameter not less
than 14 inches at the small end.  Length between 9 feet
and 16 feet, as specified by the Woodward Iron Com-
pany.  Logs to be of oak, pine, hickory, elm or chestnut.

Only a limited number of gum logs will be accepted.
Price to be 95 cents per log, delivered f. o. b. Woodward
Iron Company rails.  This price to be the same irre-
spective of length, size or kind of log.  Terms cash 30
days.  It is distinctly understood that the Woodward
Iron Company is at liberty to purchase logs elsewhere,
in case you are for any reason unable to furnish them
with a good and suitable supply at any time.  It is
further understood that only sound timbers are to be
supplied, and that the Woodward Iron Company has
the right to reject any timber not up to specification.  It
is further understood that the life of this order shall be
one year, but that it may be cancelled by either party
upon 60 days' notice being given to the other party.
Yours truly, Woodward Iron Company, per Herbert
Smith."

Plaintiff avers that he accepted said contract and
equipped himself to deliver said logs by purchasing suit-
able teams, mules, wagons, etc., to enable him to supply
the defendant with a supply of such timbers as specified
in the contract; and he avers that he was ready and
willing to carry out his part of the contract, and that he
carried out his part of the contract until on or about
July 1, 1912, at which time defendant breached its said
contract and undertaking, and notified plaintiff not to
ship any more timbers; and plaintiff avers that, by rea-
son of and as a proximate consequence of the breach by
defendant of its said contract, he was put out of employ-
ment, and caused to lose a great deal of time from his
work, that he was caused to be put to great inconveni-
ence and expense in feeding and caring for his mules
while they were idle on account of the breach of said
contract, and that he was forced to sell said mules at a
loss, and that he lost the profits he would have made in
said logs if he had been permitted to carry out his said

[Woodward Iron Co. v. Frazier.]

contract, and was thereby damaged in the full sum as aforesaid, wherefore he sues.

CABANISS & BOWIE, for appellant.

MATHEWS & MATHEWS, for appellee.

ANDERSON, C. J.—(1) While no great particularity is required as to describing the breach of the contract, the essential facts constituting the breach should be set forth in unequivocal terms, and the breach should be assigned with such certainty and particularity as will apprise the defendant in what particular he has failed to perform. All that is required is that the breach complained of be substantially set forth and substantially proved.—2 Cyc. 728. While great particularity is not required, yet the general averment of a breach, without giving the nature or character of the breach, will not suffice, as the defendant must be informed as to how or wherein he breached the contract.—*Hart v. Buldworth*, 49 Ala. 218. Indeed, Code forms 8 and 9 contemplate and provide that the breach complained of should be set out.

(2) Count B of the complaint was subject to the defendant's demurrer, which should have been sustained by the trial court, as it does not aver how or in what manner the defendant breached the contract. It does aver, after charging a breach generally, that the defendant notified plaintiff not to ship any more logs. This is not an averment that the breach consisted of the notification; but, if it could be so construed, it falls short of charging a breach thereby, as the contract authorized the defendant to so notify the plaintiff. It may be true that the notification not to ship could apply only to shipments after the expiration of 60 days, but the complain-

ant does not put the defendant in default as to any logs or timbers within 60 days after said notification.

The case of *Norton v. Woodwood,* 185 Ala. 344, 64 South. 609, is not in conflict with this holding. There the demurrer seems to have taken the point that no breach at all was charged, and not that the nature or character of the breach was not charged; and the opinion in response to said demurrer stated that a breach was charged, and demonstrated that such was the case. There is nothing in the opinion to indicate that the charge of a general breach would be sufficient as against an apt ground of demurrer.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.