# Advertiser Co., *et al. v.* State, *ex rel.* Attorney General.

### *Bill to Enjoin Liquor Advertisement.*

(Decided June 10, 1915. 69 South. 501.)

1. *Statutes; Title; Subject.*—Acts 1915, p. 37, known as the Anti-Advertising Liquor Law, is not violative of Section 45, Constitution 1901.

2. *Constitutional Law; Intoxicating Liquors; Impairment of Contract.*—Since the state has authority under its police power to regulate the sale of intoxicants, and since contracts relating to such sales are subject to such power, Acts 1915, p. 37, does not work an impairment of contracts, even though publishers already had contracts for the publication of liquor advertisements. Such contracts are also subject to the police power.

3. *Contracts; Performance; Invalidity.*—Where an act or thing contracted to be done is subsequently made unlawful, the promise is avoided.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by the state of Alabama on the relation of its Attorney General against the Advertiser Company, and others to restrain it from inserting advertisements of alcoholic or spirituous liquors. From a decree overruling demurrers to the bill, and denying motion to dissolve a temporary injunction, respondent appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant.

W. L. MARTIN, ATTORNEY GENERAL, and J. P. MUDD, ASSISTANT ATTORNEY GENERAL, for the state.

GARDNER, J.—The bill in this case was filed by the state of Alabama, on the relation of the Attorney General, in the chancery court of Montgomery county,

seeking an injunction against the Advertiser Company, a corporation, and certain named officers of said company, from publishing in the newspaper known as the Montgomery Advertiser advertisements of alcoholic or spirituous liquors. Temporary injunction was ordered issued by the chancellor upon the filing of the bill. From his decree overruling demurrer to the bill, and denying the motion of respondent to dissolve the temporary injunction, this appeal is prosecuted.

(1) The questions argued by counsel for appellant as of prime importance on this appeal were discussed and decided in the case of *State v. Delaye, Infra,* 68 South. 993, at present term, and therefore need no further treatment. The force and effect of the *Delmater Case,* 205 U. S. 93, 27 Sup. Ct. 447, 51 L. Ed. 724, 10 Ann. Cas. 733, referred to in the *Delaye Case,* is fully recognized by counsel for appellant here. A full review of the *Delamater Case* was had in the above-mentioned *Delaye Case,* where it was distinguished from some of the cases which counsel there deemed to be conflicting.

It is insisted that the *Delamater Case* is in conflict with that of *Heyman v. Hays,* 236 U. S. 178, 35 Sup. Ct. 403, 59 L. Ed.—, to which our attention was not directed in argument or brief in the *Delaye Case.* We have examined this case with much care, and do not find any such conflict. No such reference is made in it to the *Delamater Case,* and the principle of the latter case is not involved. The opinion in *Heyman v. Hays,* discloses that the business engaged in by the complainants in that case was recognized by the Supreme Court of Tennessee as being entirely legitimate and without the influence of the prohibition laws of that state, and after citing *State v. Kelly Co.,* 123 Tenn 556, 133 S. W. 1011,

.36 L. R. A. (N. S.) 171, the opinion states that: "The prohibitory liquor law (the four-mile law) was held not to embrace a mail order business—that is, orders by mail from other states and the shipment from Tennessee to such other states by carrier—because such business was interstate commerce, not within state control."

It is thus seen that the court in *Heyman v. Hays Case* was dealing with a status fixed by the state of Tennessee, recognizing the complainant's business as entirely legitimate.—*State v. Kelly Co., supra.* It logically followed that the court had only to apply the well-known rule as to the want of authority in the state for the regulation of interstate commerce in a lawful business. We are therefore of opinion that the *Delamater Case* is undisturbed by the decision in *Heyman v. Hays.*

It is also argued on this appeal that the act here under consideration is violative of that portion of section 45 of our state Constitution which provides that each law shall contain but one subject, which shall be clearly expressed in its title. This question had no discussion in the *Delaye Case,* for the reason that it was not presented in argument of counsel; it was given some consideration, however, by the writer of the opinion. It is quite clear that, under our authorities, this insistence is without merit.—*Toole v. State,* 170 Ala. 41, 54 South. 195; *Alford v. State,* 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093; *Fulton v. State,* 171 Ala. 572, 54 South. 688.

(2) It is insisted that the act is violative of our Constitution, in that it impairs the obligation of contracts; it being averred in the answer of the Advertiser Company that it has outstanding contracts for the pub-

plication of the advertisements now prohibited by law, an injunction of which is here sought. In *State v. Delaye, supra,* the court held that the advertisements forbidden by this law are in reality but solicitations for business, and that this state, possessing the unquestioned authority under its police powers to prevent or regulate the sale of liquors within its borders, has also the power to prevent or regulate the carrying on of the accessory business of soliciting orders in this state. It was therefore held that this enactment was a proper exercise of the police power and in harmony with the legislative policy on this subject. In *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205, it was said: "Referring to the contention that the right to sell intoxicating liquors was secured by the fourteenth amendment, the court said that 'so far as such a right exists, it is not one of the rights growing out of the citizenship of the United States.'"

And in the same authority is the following language quoted from the case of *New Orleans Gas Co. v. Louisiana Light Co.,* 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516: "The constitutional prohibition upon state laws impairing the obligation of contracts does not restrict the power of the state to protect the public health, the public morals, or the public safety, as the one or the other may be involved in the execution of such contracts. Rights and privileges arising from contracts with a state are subject to regulation for the protection of the public health, the public morals, and the public safety, in the same sense, and to the same extent, as are all contracts and all property, whether owned by natural persons or corporations."

In *Beer Co. v. Massachusetts,* 97 U. S. 25, 24 L. Ed. 989, is found the following language: "If the public

safety or the public morals require the discontinuance
of any manufacture or traffic, the hand of the Legisla-
ture cannot be stayed from providing for its discontin-
uance, by any incidental inconvenience which individ-
uals or corporations may suffer.  All rights are held
subject to the police power of the state."

It is clear from the authorities, therefore, that a
citizen has no vested right to engage in the sale of liquor
or to otherwise deal in it.  The business is subject to
the police power of the state, and it must necessarily
follow that all contracts made in pursuance of such
business are also subject to such police power, and no
one, therefore, can have a vested right to carry on the
accessory business of soliciting orders for the sale of
liquor when its sale is prohibited by law.  As was said
by the learned chancellor in his opinion, which is copied
in this record: "His right to contract upon such sub-
jects exists only upon legislative permission, subject
to be withdrawn at any time; and he necessarily
deals with the subject cognizant of such legislative pow-
er.  The Legislature may in its discretion permit the
sale of liquor though forbidding any and all advertise-
ments in relation thereto, and such acts being a valid
exercise of the police power, it cannot be said to im-
pair any contract rights, as none exists in reference
thereto.  The act under consideration operates against
the dealer who advertises, as well, as the publisher of
such advertisements.  I do not see, and in fact it is not
insisted, how this act could be invalid so far as the
dealer is concerned.  *  *  *  It would seem, therefore,
that the contract rights of the publisher should not
transcend those of the dealer for whom it publishes such
advertisements."

(3)　It does not seem to be insisted by the appellant that it is bound by its contract with dealers as to these advertisements and subject to damages for a failure to perform. This question was treated in the case of *Greil Bros v. Mabson,* 179 Ala. 444, 60 South. 876, 43 L. R. A. (N. S.) 871, where it was held that, where the act or thing contracted to be done is subsequently made unlawful by the Legislature, the promise is avoided. Likewise, where the performance depends upon the continued existence of a thing which is assumed as a basis of the agreement, the destruction of the thing by the enactment of a law terminates the obligation.

As hereinbefore stated, other questions presented on this appeal were fully treated in *State v. Delaye,* and a reference to that case is sufficient for present purposes.

We are of the opinion that the act of the Legislature here assailed, and commonly referred to as the "Anti-Advertising Liquor Law" (Acts 1915, p. 37), is not subject to the objections here urged, and is entirely valid. It follows that the decree of the chancellor, overruling the demurrer to the bill and denying the motion to dissolve the injunction was proper, and it is here affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.