157 So. 463

**SLAUGHTER v. C. I. T. CORPORATION.**

6 Div. 654.

Supreme Court of Alabama.

Nov. 8, 1934.

412

Locke & Creel, of Birmingham, for the motion.

Mullins, Pointer & Deramus, of Birmingham, opposed.

GARDNER, Justice.

There is nothing in the contract of purchase indicating any intention of the parties that the installment payments to be made for the truck were payable out of any particular fund or dependent upon any bank deposit therefor, and plea 3 (here emphasized by petitioner) fails to show any impossibility on the part of the purchasers to have provided the funds otherwise, or made provision in advance for the payment in money of the installment due on March 4, 1933.

"Difficulty or improbability of accomplishing the stipulated undertaking will not avail the obligor. It must be shown that the thing cannot by any means be effected. Nothing short of this will excuse nonperformance." Cameron-Hawn Realty Co. v. City of Albany, 207 N. Y. 377, 101 N. E. 162, 163, 49 L. R. A. (N. S.) 922, approvingly quoted in Capital Fertilizer Co. v. Ashcraft-Wilkinson Co., 202 Ala. 92, 79 So. 484.

It appears, therefore, that even measured by this rule, the plea was insufficient.

But the case presented is determinable upon a different and broader principle. It is not pretended that the executive proclamations referred to in the opinion of the Court of Appeals in any manner attempted to change or prolong the due date of any obligation. They merely constitute what is known as the "Bank Moratorium," a temporary closing of the banks, and nothing more. These proclamations aside, had the banks with which the purchasers did business, or upon which they held checks, been closed by duly constituted authorities on account of insolvency, it could not with any show of reason be insisted that the purchasers' obligation to pay as stipulated, had in any manner been affected. Between the illustrated case and the one presented in this plea there can be no difference of principle.

The rule here applicable is discussed in vol. 3, Williston on Contracts, § 1932, under the heading "Objective and Subjective Impossibility." Impossibility, as the author states, may be due to the nature of the thing to be done or to the capacity of the person who has undertaken to do it, the first being called objective, and the second subjective. The impossibility attempted to be stated in plea 3 is clearly subjective. As to this, the author says: "Subjective impossibility except in the cases where it is also objective, does not excuse nonperformance of a contract. Insolvency or inability to obtain necessary funds is a perfect illustration of subjective impossibility. It absolutely precludes making a payment contracted for; but whatever the cause of insolvency it is no excuse. And all kinds of impossibility arising from a promisor's inadequate pecuniary resources are equally immaterial." The authorities cited in the note sustain this view, among them, Western Drug Supply & Specialty Co. v. Board of Administration, 106 Kan. 256, 187 P. 701, 12 A. L. R. 1074; McCreery v. Green, 38 Mich. 172, Eppens, Smith & Wiemann Co. v. Littlejohn, 164 N. Y. 187, 58 N. E. 19, 52 L.

R. A. 811; Ingham Lumber Co. v. Ingersoll, 93 Ark. 447, 125 S. W. 139, 20 Ann. Cas. 1002; Dean v. Lowey, 50 Ill. App. 254.

The principle recognized by these authorities is succinctly set forth in Restatement of the Law of Contracts, § 455, as follows: "Impossibility of performing a promise that is not due to the nature of the performance, but wholly to the inability of the individual promisor, neither prevents the formation of a contract, nor discharges a duty created by a contract," and was likewise given recognition by this court in Jones v. Anderson, 82 Ala. 302, 2 So. 911, and Marx v. Kilby Loco. & Mach. Works, 162 Ala. 295, 50 So. 136, 136 Am. St. Rep. 24.

In Greil Bros. Co. v. Mabson, 179 Ala. 444, 60 So. 876, 43 L. R. A. (N. S.) 664, and Advertiser Co. v. State, 193 Ala. 418, 69 So. 501, the impossibility was due to the nature of the thing to be done, and these cases therefore serve as illustrations of "objective impossibilities," discussed in Williston on Contracts, supra.

Under the authorities first above noted, and the principle of law therein recognized, plea 3 presented no proper defense, and the demurrer thereto was properly sustained.

Without committing ourselves to the reasoning in the opinion of the Court of Appeals, we are nevertheless persuaded, upon the grounds herein stated, that the correct result was reached and that the petition for a writ of certiorari should be denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.