52 So.2d 521

## GLOVER v. CITY OF BIRMINGHAM.
### 6 Div. 248.

Supreme Court of Alabama.
May 10, 1951.

Gibson & Hewitt, Birmingham, for petitioner.

Chas. H. Brown, Birmingham, opposed.

FOSTER, Justice.

On a charge of violating a city ordinance (No. 600), prohibiting the possession of certain papers customarily or usually used in the operation of a lottery, the city was permitted to prove by one who qualified as an expert that certain papers were suitable for or customarily used in the operation of a lottery.

The Court of Appeals in the opinion here under review held such testimony was permissible. Petitioner here finds fault with that ruling upon the basis of our holding that in certain cases it is not permissible for a witness, although an expert, to testify as to his opinion when the matter of his opinion is an ingredient of the ultimate subject sought to be found by the jury. Petitioner cites the case of Colvin v. State, 247 Ala. 55, 22 So.2d 548, wherein it was held the witness should not be permitted to testify a fire was of incendiary origin, since that was the ultimate fact for the determination of the jury and implied a conclusion that the fire was intentionally set. Whereas the witness could testify that, in his opinion, there was gasoline or kerosene at the point of the fire. Petitioner also cites the case of Louisville and Nashville R. R. Co. v. Manning, Ala.Sup., 50 So.2d 153, wherein this Court observed that a witness may state his judgment where the facts were collective and a judgment was based upon his knowledge of the constituent elements, but that he could not usurp the functions of the jury by stating his conclusion as to the very fact in issue between the parties.

In the case of Crotwell v. Cowan, 236 Ala. 578, 184 So. 195, 200, cited by petitioner, a witness was asked to give his judgment as to what would be a reasonable rate of speed "to come off of that hill". It was said that the question asked for an opinion in respect to a matter which the jury could understand as well as the witness. We may add to the foregoing authorities one recently announced by this Court of Low v. Low,[1] 52 So.2d 218, in which we held that a complainant who sought to have a deed set aside because of want of delivery could not testify what his intention was in disposing of the deed since that was a matter of opinion and was for the determination of the court trying the facts of the case.

1. Ante, p. 536.

■ A witness may sometimes give evidence as to that which is the ultimate fact for the decision of the court, as where his evidence is not merely a matter of opinion, but is in the nature of a collection of inherent elements which enter into the question and are known to the witness. It is then immaterial whether it is of the ultimate issue or some incidental issue on the trial of the case. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640; 32 Corpus Juris Secundum, Evidence, § 446, p. 75. Where the trier of the facts must draw an inference from circumstances as the ultimate finding to be made, a witness cannot give his own inference or conclusion from those facts, but he must give the circumstances and let the jury draw the inference. Those circumstances may be in the nature of a shorthand rendering or a, collection of them, rather than always repeating every feature which enters into it. This was emphasized in the case of Louisville and Nashville R. R. Co. v. Manning, supra. It is illustrated in the case of Atlantic Coast Line R. Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232, in which this Court held that a qualified witness was competent to testify whether a certain railroad car which had come under his observation was properly loaded. In holding that such evidence was competent, the Court followed the case of McCarthy v. Louisville and Nashville R. R. Co., 102 Ala. 193, 14 So. 370. See, also, Horton v. Louisville and Nashville R. R. Co., 161 Ala. 107, 49 So. 423. It has also been held that a properly qualified witness may state that a train was being operated under control. Louisville and Nashville R. Co. v. Jacobson, 218 Ala. 384, 118 So. 565; Penton v. Penton, 223 Ala. 282, 135 So. 481.

■■ In the instant case the question of whether the papers referred to by the witness were suitable for use in the operation of a lottery, is not a feature of the offense of which the defendant was charged or an ultimate fact to be found by the jury. The ordinance in question (No. 600), of which we take judicial knowledge, does not make it an offense to have in possession the documents mentioned therein because they are suitable for use in the operation of a lottery, but they must be such as are customarily or usually so used. We think it is certainly a matter of which the witness can testify as to whether certain articles are such as are customarily or usually used in the operation of a lottery. That is not a matter of opinion or even a shorthand rendering of the facts, but it is a statement of a simple fact known to the witness. The admissibility of such testimony is also supported by the ordinance itself, which specifically makes it admissible, but it is not necessary in order for it to be so that the ordinance shall so provide.

The only controversial matter involved in the evidence in question is that feature of it which the witness was permitted to testify that the papers were "suitable" for as well as "customarily" used in the operation of a lottery. The word "suitable" in that connection is different from "customarily" there appearing. That it is suitable for use is a collection of facts, every detail of which is not necessary always to be stated. Testimony that the document is such as is customarily used is not a collection of facts nor an opinion, but the expression by the witness of matter which is within his knowledge. We think the witness may so testify as to both aspects of the question if he is qualified.

It is clear to us, therefore, that the opinion of the Court of Appeals with respect to the testimony of the witness is well supported.

■ In this application for certiorari, the petitioner has against seriously renewed the contention that ordinance No. 600 is violative of the Constitution and submits to us in that connection a copy of the brief which had previously been filed in a case in which we declined to issue a certiorari to the Court of Appeals on a claim that such ordinance violates the due process clause of the Fourteenth Amendment to the Federal Constitution. Very recently in other cases we

have again declined to change our ruling in that respect, and there is no further occasion here to discuss it.

No other question is presented on this application for certiorari and, therefore, it is denied.

Petition for certiorari denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.