62 So.2d 459

**TENNESSEE COAL, IRON & RAILROAD CO. v. SIZEMORE.**

6 Div. 269.

Supreme Court of Alabama.

Nov. 6, 1952.

Rehearing Denied Jan. 19, 1953.

346

Burr, McKamy, Moore & Tate and Greye· Tate, all of Birmingham, for appellant.

Harsh, Glasser & Lankford and John L. ·Glasser, all of Birmingham, for appellee.

348

FOSTER, Justice.

This case was tried upon counts A, C and E, counts 1, 2, B, D and F having been withdrawn by appellee.

Count A as amended alleged in substance as follows: That the appellant was engaged in the operation of iron ore mines known as Ishkooda Nos. 11 and 13, and that the International Union of Mine, Mill and Smelter Workers, a labor organization, entered into a written contract with appellant on January 14, 1943, on behalf of Local Unions Nos. 123, 153, 157 and 639, and that said written contract contained the following provision:

"Section 11—Safety and Health.—The company shall continue to make reasonable provision for the safety and health of its employees at the mines, or plants, during the hours of their employment. Protective devices, wearing apparel, and other equipment necessary to properly protect employees from injury shall be provided by the company in accordance with the practices now prevailing in each separate mine or plant. Proper heating and ventilating systems shall be installed where needed."

The count then alleged the provisions of the contract, which recognized the International Union of Mine, Mill and Smelter Workers as the exclusive bargaining representative for all of the employees of the company, as defined in section 1 of the contract; that appellee was a member of Local Union No. 153, and that said contract was entered into in behalf of such local and for appellee's benefit.

The count further alleged the employment of appellee by appellant as a timber man in Ishkooda Mine No. 11 during the time of said contract, to wit, January 14, 1943, through, to wit, May 2, 1945; that large quantities of iron ore dust circulated in the air where the appellee performed his services; that appellant breached said contract in that:

"It failed to install a proper ventilating system in said Ishkooda Mine No. 11, although needed due to the fact that the ventilating system in use in said mine during the period of said contract was inadequate and insufficient to provide proper ventilation in said mine."

In addition the count averred that as a proximate consequence of said breach of contract, appellee suffered his alleged personal injuries, impairment of earning capacity, and loss of earnings from August 30, 1947, to the present time in excess of $5,500. The count averred compliance with the provisions of said contract on appellee's part.

The averments of count C were substantially the same as those of count A, except that a collective bargaining agreement entered into on May 2, 1945 was averred. However, the language of the contract was identical insofar as here pertinent with the contract averred in count A. Appellee's employment under said contract was averred from May 2, 1945 through August 1947.

The averments of count E were substantially the same as those of count A, except that a collective bargaining agreement entered into on May 3, 1947 was averred, subsection B of section 13—Safety and Health—of this contract, reading as follows:

"Protective devices, wearing apparel and other equipment necessary properly to protect employees from injury shall be provided by the company in accordance with practices now prevailing in each separate mine or plant or as such practices may be improved from time to time by the company. Goggles, gas masks, face shields, respirators, special purpose gloves, fire proof water proof or acid proof protective clothing when necessary and required shall be provided by the company without cost, except that the company may assess a fair charge to cover loss or willful de-

struction thereof by the employee. Where any such equipment or clothing is now provided, the present practice concerning charge for loss or willful destruction by the employee shall continue. Proper heating and ventilation systems shall be installed where needed."

Appellee's employment under said contract from, to wit, May 3, 1947 through August 30, 1947 was averred.

Appellant filed demurrers to each count of the complaint, which demurrers, as amended, were overruled.

■ The first question argued by appellant's counsel in brief is that those counts are uncertain and indefinite to the extent of being insufficient. That refers to the contract and its breach, for that it alleges an agreement in the contract to install a "proper" ventilating system, and its breach in those terms, and that the contract does not require any specific sort of system, and the alleged breach does not aver what sort defendant failed to install. The contract provides that reasonable provision shall continue to be made for the safety and health of employees, and to provide when needed a proper ventilating system; and the breach is that defendant failed to install a "proper" ventilating system. It is our view that this point is not well taken.

■ A witness, with due knowledge, may testify whether an act is as a matter of fact properly done. Atlantic Coast Line R. R. Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232; McCarthy v. Louisville & Nashville R. R. Co., 102 Ala. 193, 14 So. 370; Glover v. City of Birmingham, 255 Ala. 596, 52 So.2d 521. (This also answers the 32d assignment of error.)

■ A contract to make reasonable provision for safety and health, and to install a proper ventilating system, is not too indefinite for performance. Mobile Life Ins. Co. v. Randall, 74 Ala. 170, 177. Compare, Ollinger & Bruce Dry Dock Co. v. James Gibbony & Co., 202 Ala. 516, 81 So. 18.

■ "The general rule in that connection is that no great particularity is required in describing the breach of a contract, but the essential facts constituting the obligation should be set forth in unequivocal terms, and the breach be assigned with such particularity as will apprise the defendant in what respect he has failed to perform. All that is required is that the breach complained of be substantially set forth. But general averments without giving the nature or character of the breach may not be sufficient as defendant must be informed as to how or wherein he breached the contract. 17 C.J.S., Contracts, § 544, p. 1177; Woodward Iron Co. v. Frazier, 190 Ala. 305, 67 So. 430; Hart v. Bludworth, 49 Ala. 218." Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594, 596; Norton v. Allaire-Woodwood & Co., 185 Ala. 344, 64 So. 609.

When measured by this rule, we cannot sustain appellant's contention.

It is also contended that an action for personal injuries to a servant must be grounded in tort and cannot be based on contract. This contention assumes that the several counts A, C and E, on which the trial was had, are in assumpsit on the contract. It is clear that they are thus framed. They are not based upon negligence, or wantonness in performing the contract, but in failing to perform.

■ A complaint for the breach of a contract in not performing the obligation there expressed, or not doing it in the way specified, is not in tort, and cannot be unless the non-performance is by reason of a failure to exercise the care required by law in attempting to perform. If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, his performance may be negligent, giving rise to a tort. Sloss Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385. So that the allegation merely that he breached his contract by failing to install a proper ventilating system, as the contract requires, does not show any negligence or failure to exercise the due care required by legal implication to install such system. *Non constat*, he did exercise due care to do so,

but did not accomplish the task for some other reason.

■ But even when the complaint shows that the breach of the contract was also a negligent failure to perform a duty which the law imposes by reason of such contract, the injured employee may sue either for the breach of the contract when he is a party to it, or it is made for his direct benefit, or may sue in tort for the breach of the duty imposed by law. Mobile Ins. Co. v. Randall, 74 Ala. 170, 177. So that, if we assume that the facts alleged show a duty on the part of defendant to exercise due care to furnish plaintiff a reasonably safe place to work by reason of his employment, as in effect stipulated in his contract, and that his negligent failure in that regard furnished ground for a tort action, Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, it does not follow that defendant may not also be liable for a breach of its contract to do so.

Under such circumstances, the injured employee, who is a party to the contract or one for whose direct benefit it was made, may sue for its breach in assumpsit, or may sue in tort for negligence in failing to perform a duty imposed by law. He has an election in that respect. Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594; Davis v. Ruple, 222 Ala. 52, 130 So. 772; Adler v. Miller, 218 Ala. 674, 120 So. 153; Knowles v. Dark, 211 Ala. 59, 99 So. 312; Mobile Ins. Co. v. Randall, 74 Ala. 170.

■ The contract, as set forth in the complaint in connection with its allegations, shows that it was made in respect to the ventilating system for the direct benefit of a class of which plaintiff was a member, and therefore he may sue for its breach when suffering damages as a third party beneficiary. Wolosoff v. Gadsden Land & Building Corp., 245 Ala. 628, 18 So.2d 568; Adams v. Republic Steel Corp., 254 Ala. 620 (4), 625, 49 So.2d 214; J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332(6), 64 S.Ct. 576, 88 L.Ed. 762.

We are not here concerned with the reason which induced plaintiff to sue for a breach of the contract rather than in tort if defendant was negligent in not providing a reasonably safe place for plaintiff to work. Whether it was on account of a different statute of limitations is immaterial. The essentials of the cause of action and issues are also different.

The contract as expressed is not satisfied by a reasonable effort to furnish a reasonably safe place, but it stipulates for a positive absolute duty to install a "proper" ventilating system when needed. Such an obligation is not satisfied by reasonable diligence to do so. 17 C.J.S., Contracts, § 459, pp. 946, 947, 949, note 75; 12 American Jur. 928, section 362; Jones v. Anderson, 82 Ala. 302, 2 So. 911; Marx v. Kilby Locomotive & Machine Works, 162 Ala. 295, 50 So. 136; Greil Bros. v. Mabson, 179 Ala. 444, 60 So. 876, 43 L.R.A.,N.S., 664; Advertiser Co. v. State ex rel. Attorney General, 193 Ala. 418, 69 So. 501; Slaughter v. C. I. T. Corp., 229 Ala. 411, 157 So. 463.

Plaintiff may have a cause of action therefore for the breach of a contract, though defendant may not be guilty of negligence in respect to it, unless the contract so provides, and although plaintiff may have been negligent in respect to it. Plaintiff's negligence might affect the amount of recoverable damages, but it is not a bar to the action. 12 Am.Jur. 895, section 338; Hunt v. Chicago, Burlington & Quincy R. R. Co., 95 Neb. 746, 146 N.W. 986; Hurxthal v. St. Lawrence Broom & Lumber Co., 53 W.Va. 87, 44 S.E. 520.

■ The general charge was requested plaintiff contracted silicosis while working in defendant's mine, and that a proper ven-and refused. But we think there was evidence from which the jury could find that tilating system was needed but not installed in such way and manner as would reasonably have prevented him from contracting such affliction.

■ It is also insisted that the contract sued on furnished the only procedure by which plaintiff could recover damages for its breach. But a contract to arbitrate and thus determine whether plaintiff has a cause of action is not ordinarily enforcible. Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465; Western Assurance

Co. v. Hall, 112 Ala. 318, 20 So. 447. The controlling reason for the exception to that principle stated in Bell v. Western Rwy., 228 Ala. 328, 153 So. 434, does not here exist. This also applies to Davis v. Southern Rwy. Co., 256 Ala. 202, 54 So.2d 308. The grievance referred to in the contract does not apply so as to prevent an employee from suing to recover damages for which the defendant is liable to him by reason of a breach of the contract for his direct benefit. There is no obligation on the part of the plaintiff to bring a grievance on account of a breach of the contract, which is complete, resulting in damage to plaintiff.

■ The refusal of charge 16 is not reversible error. It requires a verdict for defendant, although defendant breached the contract by not furnishing a proper ventilating system as required by it, if the jury is reasonably satisfied from the evidence that the failure of the ventilating system, which defendant did install, was the result of acts of a fellow servant in operating the same.

The question attempted to be posed by the charge is in legal effect that such failure by defendant to install, although a breach of the contract, was not the proximate cause of plaintiff's injury as it must be. But the charge is not based on a finding that such failure of the system produced by a fellow servant was the sole proximate cause of plaintiff's injuries. Such failure may have occurred at such time and place or in such degree as not to cause plaintiff's injuries. The complaint alleged, as it should, that as a proximate consequence of defendant's breach of the contract in failing "to install a proper ventilating system," plaintiff suffered the alleged personal injuries. That cast the burden on plaintiff to show the causal connection between such failure and the result to plaintiff. But the charge did not properly take note of the elements of such duty.

By this charge (16) defendant may have sought a ruling that defendant would not be liable for the acts of a fellow servant in operating the ventilating system. But the issues did not present a question as to the operation of the system, but its suffi-ciency. The charge was not confined to the issues.

■ Charge 6–A, as shown by assignment of error No. 19, would seem to cause the acts of defendant's employees, who may be plaintiff's fellow workmen, to excuse defendant from performing its contract to install a proper ventilating system when needed. But if defendant failed in that regard such failure cannot be excused by reason of the acts of any of its employees, and the fellow servant doctrine applicable to tort actions is not here effective. If the charge attempted to present the same question in substance as charge No. 16, it is subject to our comment in respect to charge 16. If we have not properly interpreted charge 6–A, it is because it is confusing and misleading and could have been refused for that reason without error.

■ The theory on which charge 13 was predicated is that a breach of the contract entered into on May 2, 1945, upon which count C is based, is not sufficient to justify recovery for such breach because it occurred prior to the date of the new contract between the parties, entered into May 3, 1947, which latter contract is alleged to have been breached in count E of the complaint. It seems that the contention of appellant is that the execution of the contract of May 3, 1947, is an acceptance of the performance of the contract of May 2, 1945, and therefore has the effect of showing that plaintiff has no cause of action by reason of any alleged breach of the contract of May 2, 1945. We do not so interpret the situation. The contracts both call for a continuing duty on the part of the defendant. There is nothing in the terms of such a contract which shows a purpose to accept as performed defendant's duties under the previous contract. Continuing in the employment of the defendant with knowledge of the fact that the contract had not been complied with, is not a defense to a claim of breach of that contract in a suit by the employee who has received injuries on account of such breach. Contributory negligence and assumption of risk are not defenses to such a claim, as we have shown, but they may affect the extent of the recovery.

352

Refused charge 12 calls upon the court to declare as a matter of law that plaintiff's bargaining agent waived any alleged breach of the contract of May 2, 1945, which may have occurred. Assuming that this charge presents the same question, the same answer to it is applicable.

The refusal of charge 11, the basis of assignment of error No. 16, is governed by what was said in response to the contention that the affirmative charge should have been given by reason of the provisions of the contracts requiring the settlement of grievances to be made according to their terms.

Charges 9 and A, assignments of error 18 and 24, would deny a recovery to plaintiff although justified by other considerations, if the plaintiff had knowledge of the breach of the contract by defendant and with such knowledge continued in the employ of the defendant in its said mine.

As we have previously said, contributory negligence and assumption of risk sought to be presented by these charges are not defenses to an action for the breach of a contract to perform a duty there imposed.

Affirmed.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON and GOODWYN, JJ., concur.