82 So.2d 195

John COLOFRANCESCO

v.

WOODWARD IRON COMPANY.

6 Div. 812.

Supreme Court of Alabama.

Aug. 18, 1955.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

B. J. Dryer, Woodward, for appellee.

SIMPSON, Justice.

The appellant (plaintiff below) brought suit as beneficiary under a contract entered into by appellant's union as bargaining agent of the employees and appellee (defendant) corporation.

The essence of the allegations of the complaint to which demurrer was sustained is that the defendant breached its agreement by failing to provide a safe and healthy place to work and as a proximate consequence thereof the plaintiff was exposed to excessive dust particles while

performing his work and contracted a respiratory disease—silicosis. The trial court, as stated, sustained the demurrer to the complaint, the plaintiff refused to plead further, suffered judgment against him and brings this appeal.

The sufficiency of the allegations of the complaint setting forth the breach of the agreement is governed by our recent case of Tennessee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459, and if supported by the evidence would have required submission of the question to the jury. We here observe, however, that certain facts dehors the record argued by appellee are not before us for consideration.

As we understand it from the briefs and argument of counsel, the single question meriting discussion is whether or not § 313 (11), Title 26, Code 1940, 1951 amendment, 1953 Pocket Part, p. 288, bars a recovery in the case. The statute as pertinent reads:

"* * * Where the employee elects not to accept the provisions of this article, the employer having accepted it, all liability, if any, ex contractu or ex delicto, of the employer for exposures of the employee occurring prior to the effective date of this article to the hazards of said occupational pneumonoconiosis while in the employ of the employer shall be barred unless the employee, if living at the expiration of one year from the effective date of this article, shall, prior to the expiration of such one year period, file suit against such employer to recover damages caused by such prior exposures * * *."

It is the contention of appellee, and presumably invited the ruling below; that said § 313(11) bars the claim of appellant because suit was not filed within one year from the date of the alleged contraction of the disease, appellant being one of a group of employees contemplated by the statute. We regard this position as untenable.

The Workmen's Compensation Act, including said section supra, provides only for injuries arising where an employer-employee relationship exists upon which to base a claim for compensation. The statute does not refer to claims of former employees not employed at the effective date of the Act. The last day of appellant's exposure was February 12, 1951, which date was also the last day of his employment by appellee. The statute supra, which sets up the limitation of suit due to occupational disease, went into effect on June 29, 1951, at a time when appellant was not employed by appellee and after he had contracted his disease. Hence his claim is not covered by the Act, nor could it have been properly brought under its terms. The statute of limitations of his claim is governed by that for contractual actions and his suit was timely brought. Title 7, § 21, Code 1940.

It therefore results as our opinion that the demurrer to the complaint was erroneously sustained.

Reversed and remanded.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.