Dr. Thomas R. Lemon sued Golf Terrace Owners Association, Inc. ("the Association"), for breach of contract, alleging that the Association had failed to timely repair or replace the roof on his condominium. The trial court, after hearing ore tenus evidence, entered a judgment for the Association. Lemon appealed. We affirm.[1]
Lemon purchased a condominium at Golf Terrace, a condominium complex in Baldwin County. As a result of this purchase, Lemon became a member of the Association. The Association, whose membership was composed of the various owners of the condominiums within the complex, was created for the purpose of operating and administering the complex. Pursuant to the *Page 265 
terms of the "Declaration of Condominium of Golf Terrace" ("the Declaration"), which determines the rights of the parties in this case, the Association was responsible for maintaining the common areas within the complex, including the roof on Lemon's condominium, at its expense. The Declaration was silent, however, as to the time the Association had in which to repair or replace a defective roof. The gravamen of Lemon's complaint was that the Association had failed to repair or replace his roof within a reasonable time after being notified that the roof leaked.
Two well-established principles of law control this case. First, where a contractual obligation to perform exists, and no time is prescribed in the contract for performance, the law requires the obligated party to perform within a "reasonable time." What is a reasonable time depends on the nature of the act to be done and all of the circumstances relating to that act. This, necessarily, is a question to be determined by the trier of fact. Hendrix, Mohr Yardley, Inc. v. City of Daphne,359 So.2d 792 (Ala. 1978). Second, where a trial court has heard ore tenus evidence, its judgment based on that evidence is presumed correct and will be reversed only if, after considering the evidence and all reasonable inferences to be drawn therefrom, the appellate court finds the judgment to be plainly and palpably wrong. Furthermore, where a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Knox Kershaw, Inc. v. Kershaw,552 So.2d 126 (Ala. 1989).
After carefully reviewing the record and the briefs of the parties, we conclude that although the trial court made no specific findings of fact, it could have reasonably inferred from the evidence that the Association acted within a reasonable time to eliminate the leak in Lemon's roof. The evidence showed, in pertinent part, that the roofs on a number of the buildings in the complex, including the roof on Lemon's condominium, were leaking to some extent. These roofs, which were approximately 16 years old and defectively designed, were not subject to permanent repair. Faced with a growing problem, the Association appointed a committee to develop a plan to deal with the leaking roofs. After studying the problem, the committee recommended a complete change in the design and construction of the roofs. However, the Association, which agreed with the committee's recommendation, was restricted by the Declaration from making such extensive alterations without the approval of at least a majority of the condominium owners. To get the necessary approval, the Association had to secure the services of an architect, settle on a new design, and submit that design to the owners for a vote. Once it had obtained owner approval of the new design, the Association secured four bids from roofing contractors. The Association then had to submit one of those bids to the owners for approval. After obtaining owner approval of a bid, the Association had to assess the owners for the construction costs and secure the necessary funds from the owners before construction could begin. Although it took over three years for the reroofing project to progress through the planning stages to actual construction, Lemon's unit was one of the first to receive a new roof. The delay in construction appears to have resulted from the fact that the Association had to follow the corporate procedure set out in the Declaration for making extensive structural alterations to the roofs. In addition, many of the owners were out-of-state residents who used their condominiums for vacation purposes. It took additional time to contact those owners. There were other delays (e.g., owner approval of the new design was delayed two months because of the lack of a quorum at the annual meeting at which the new design was initially scheduled to be considered; construction was delayed at least six months because some of the owners did not promptly pay their portions of the assessment; construction was delayed six weeks because roof trusses pre-ordered by the contractor were not delivered on schedule; etc.). The record *Page 266 
affirmatively shows that the Association took Lemon's problem seriously. As the planning for the reroofing project progressed, every time it rained Lemon's condominium was inspected by the resident manager and the person in charge of maintenance for the Association. They tried on numerous occasions to stop the leaks in Lemon's roof. The roofing contractor ultimately chosen by the Association to reroof the complex testified at trial that he could find no fault with the quality of the work done by the maintenance person. The contractor testified that even he could not permanently repair Lemon's roof.
Based on our review of the record, we cannot hold as a matter of law that the Association failed to perform its obligation under the Declaration within a reasonable time. Therefore, because the judgment is not plainly and palpably wrong, it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Lemon also alleged in his complaint that the Association had willfully or negligently failed to repair or replace his roof and that the Association had intentionally and maliciously interfered with his contractual relationship with his tenant. The trial court entered a partial summary judgment for the Association with respect to these claims. Lemon argues only that the trial court erred in entering the partial summary judgment on his "negligence" claim. However, the notice of appeal filed in this Court does not indicate that Lemon appealed that judgment. Therefore, the partial summary judgment is not before us for review. Rule 3(c), A.R.App.P. We note that even if the partial summary judgment was properly before us, it appears that the gravamen of Lemon's "negligence" claim was that the Association had "negligently failed to perform" a contract by not repairing or replacing his roof. Thus, Lemon's "negligence" claim was, in effect, nothing more than a restatement of his claim for breach of contract. See TennesseeCoal, Iron R.R. Co. v. Sizemore, 258 Ala. 344, 349,62 So.2d 459, 463-64 (1952), wherein this Court held:
 "A complaint for the breach of a contract in not performing the obligation there expressed, or not doing it in the way specified, is not in tort, and cannot be unless the non-performance is by reason of a failure to exercise the care required by law in attempting to perform. If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, his performance may be negligent, giving rise to a tort."