## LEONI *vs.* THE STATE.

[INDICTMENT FOR RAPE.]

1. *Indictment for rape; what need not charge.*—An indictment for rape, under the form in the Revised Code, is good. In such an indictment, it is not necessary to charge that the carnal knowledge of the female was "against her will."

2. *Same; what evidence not admissible as evidence of guilt on trial of.*—On the trial of an indictment for rape, it is proper to prove what complaint was made by the prosecutrix, and in support of such proof, the testimony of a witness, to whom complaint was made, as to how, when, where, and what complaint was made, was rightfully admitted ; but where the guilt of the accused depended solely upon the evidence of the prosecutrix, the testimony of a witness as to prosecutrix's showing witness a garment with blood and mud upon it, which prosecutrix said was worn by her at the time of the rape, (the witness not knowing any fact about the garment having been worn as stated, nor connecting it with any fact known to the witness as pointing to the guilt of the defendant,) although a part of the complaint, and for that purpose admissible, when so limited, was not evidence of guilt, but mere hearsay, and should have been rejected as proof of guilt.

3. *Punishment ; when leaving to jury to fix, is error.*—When it is made by law the duty of the court to fix the punishment on conviction of an offense, and the court leaves it to the jury to fix such punishment, it is such an error as will work a reversal of the conviction and sentence.

4. *Charge to jury ; what erroneous, on trial for rape.*—A charge to the jury, that "if the testimony of the prosecutrix, as to the guilt of the prisoner, is sufficiently clear and explicit to convince your minds, beyond a reasonable doubt, of the prisoner's guilt, then you would be authorized to convict upon *her testimony alone ;* but if you have any doubts of the prisoner's guilt, *upon her evidence,* then you must enquire whether her evidence has any support," in such a case as this, where such support can come only from the testimony of witness, who is impeached, and who knows nothing of the commission of the offense, except from hearsay, is calculated, unnecessarily, to violate that great care and caution so essential in determining the guilt of an accused, on a charge of rape. (PECK, C. J., *not concurring in the criticism on the charge.*)

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

The facts upon which the case turns are sufficiently set out in the opinion.

ALEX. McKINSTRY, for appellant.

JOSHUA MORSE, Attorney-General, contra.

PETERS, J.—On the 12th day of June, 1869, Gaetano Leoni, the appellant, was indicted, in the city court of Mobile, for rape on Elizabeth Lazzaro. The indictment was in the following words :

" The State of Alabama,    } City Court of Mobile.
      Mobile county.    } June Term, 1869.

" The grand jury of said county charge, that, before the finding of this indictment, Gaetano Leoni forcibly ravished Elizabeth Lazzaro, a female, against the peace and dignity of the State of Alabama."

This cause came on to be tried at the fall term of said court, in the year 1869, when the said defendant, Leoni, demurred to said indictment, and for cause, showed that it was not alleged in said indictment, that the act of carnal knowledge of her (said Lazzaro) "was against her will." This demurrer was overruled by the court. Thereupon the defendant went to trial, with a jury, upon the plea of not guilty, was convicted of an assault, with intent to ravish the said Elizabeth Lazzaro, and sentenced to five years imprisonment in the penitentiary. From this sentence he appeals to this court.

In such a case, it is the duty of this court to "render such judgment on the record as the law demands."—Rev. Code, § 4314.

On the trial below, the defendant made several objections to the rulings of the court, which were reserved in a bill of exceptions.

There was no testimony for the State before the jury, except that of the prosecutrix, which tended to establish the charge. Mrs. Norsano was examined for the prosecution, but she testified only to such facts as the girl Lazzaro had told her. Mrs. Norsano's testimony was not such as could have been the grounds of a conviction, had it been true, and upon her examination before the committing magistrate and the court, she made a very serious mistake in the time at which it occurred. She was mistaken, or she

was untruthful. She explained her mistake by saying that she was a foreigner, and did not very well understand the language. There is no language spoken in the city court of Mobile in which the 29th day of December and the 26th day of November are the same. Yet Mrs. Norsano said upon her examination before the magistrate in May, that the occurrences which she detailed had happened on the 29th day of December, and before the court she said the true date was the 26th day of November.

In her testimony, Mrs. Norsano says the girl Lazzaro asked her upon one occasion, if she and Mrs. Leoni had not been talking about her, (said Lazzaro,) and she told her, in reply, that they had, and that Mrs. Leoni had said she was a bad girl, and alluded to her staying at night under the house. Then the prosecutrix told her that the defendant had dragged her under the house and forced her. She then showed bruises on her arms and legs, but it was doubtful whether they had been occasioned by her father's whipping her, or by the defendant. In the same conversation, the prosecutrix exhibited to her an undergarment with stains of mud and blood upon it, which she (Lazzaro) said she had on when she had been with Leoni under the house, but she did not have it on when it was exhibited, nor did Mrs. Norsano know that she had then worn it. This testimony in relation to the garment and all the statements about its appearance, the defendant, after cross-examination about it, moved to exclude. This motion was refused, and the refusal was reserved in the bill of exceptions. The girl Lazzaro had mentioned this circumstance of the exhibition of her garment to Mrs. Norsano on her direct examination.

It was proper for the girl to make complaint, (1 Russ. Cr. 688, 689); and it was competent for Mrs. Norsano to prove what this complaint was, and how and when it was made. In this view of the evidence, the garment was a part of the complaint, but it was not evidence of the defendant's guilt, as it was not connected with any fact known to Mrs. Norsano that pointed to guilt.. As an evidence of guilt, by Mrs. Norsano, it was merely hearsay. And for this purpose it ought to have been rejected, as an evidence

of guilt. But as the objection was general, and it was competent to prove the complaint and its character, it ought not to have been rejected, as it was allowable for this purpose, when so limited.

The testimony of the prosecutrix, upon whose evidence the whole case turns, is not free from grave suspicion of a want of truth and fairness. She is shown to be a woman without virtue, and her testimony is contradicted by Forrester, and by Aronne and Legalla, and by the good character of the defendant; and her complaint shows, that after staying an hour and a half under the house with Leoni, she made no out-cry about it until the third day afterwards, and then only in vindication of herself against Mrs. Leoni's suspicions that she was a bad girl.— *The People v. Hulse*, 3 Hill, 309.

Under such a state of testimony, the charge was unfair and calculated to mislead, in a case of this character. The charge of the court was calculated, and apparently intended, to rest the case wholly upon the testimony of the prosecutrix. This was a violation of the important caution, so emphatically insisted on, by Lord Chief-Justice Hale. He says it should always be remembered, " that this is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." And this, he thinks, occurs from the hateful nature of the offense, which " many times, transporting the judge and jury with so much indignation, that they are over hastily carried to the conviction of the person accused thereof, by the confident testimony, sometimes, of a malicious and false witness."—1 Hale P. C. 635, 636; 1 Russ. Cr. 190, 191, marg.

That portion of the charge of the court which is here urged to be improper, is in these words:

" If the testimony of the prosecutrix as to the guilt of the prisoner is sufficiently clear and explicit to convince your minds beyond a reasonable doubt of the prisoner's guilt, then you would be authorized to convict upon *her testimony alone ;* but if you have any doubt of the prisoner's guilt, upon *her evidence*, then you must enquire whether her evidence has any support."

Such a charge, in such a case, upon such testimony, by such a witness, is calculated, unnecessarily, to violate the great caution above insisted upon.

But besides this, it was left to the jury to fix the length of the period of imprisonment in this case, and the judgment of the court followed the verdict. This the court had no authority to do. It is not for this court to enquire whether there was good reason for this or not. It is a positive rule of law. The courts can not properly know any other, else they make reason take the place of the law. The legislature has the sole power to direct the courts in what manner they shall proceed in the trial of a cause. When this is done, their direction becomes the rule which forms a part of the " due course of law," which it is the right of the defendant to have administered. It becomes the way, and the only way, unless the legislature has enlarged it with exceptions. The court can not substitute its reason for the law. Reason ceases to be the guide when the law is known. It is only when the law is uncertain, that "right and justice" become the rule. Then reason may aid in the search after these.—Revised Code, §§ 3670, 3806.

The indictment is sufficient.—Rev. Code, § 4141, p. 808, No. 7.

The verdict of the jury shows that it was a compromise. If the testimony of the prosecutrix was believed, the defendant was guilty of rape. If it was not truthful in the higher degree, it was equally untruthful in the lower. Such verdicts are not to be encouraged.

Let the judgment and conviction of the court below be reversed, and the cause remanded for a new trial. And in the meantime, the defendant, said Gaetano Leoni, will be held in custody until discharged by due course of law.— Revised Code, § 4316.

PECK, C. J., concurred in the judgment of reversal, but did not concur in the criticism on the charge to the jury, cited in the opinion. He thinks the charge proper, but that it was not proper to leave the fixing of the period of confinement to the jury.