# CASES

IN THE

# SUPREME COURT OF ALABAMA.

NOVEMBER TERM, 1892–93.

## Welsh *v.* The State.

*Indictment for Murder.*

97    1
97   64
97    1
109   54

1. *Evidence shedding light on main inquiry admissible*—The criminating evidence against a defendant charged with murder being in part circumstantial, testimony that before the killing he entered into a contract to perform work in the neighborhood to commence shortly afterwards, but left a day or two after the killing, before commencing the work, and was absent several months, is admissible.

2. *Exception to charges in gross.*—A general exception to the entire ruling on three separate charges cannot avail the defendant if any one of them asserts a correct proposition of law.

3. *Evidence not rejected because not consistent.*—That part of the evidence in the case is not harmonious with other evidence, is not a reason why it should be rejected, and confessions are no exceptions to the rule.

4. *Charge confusing should be refused.*—A charge which is confusing and which fails to make a proper hypothetical statement of the case is properly refused.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

This is the second appeal in this case. The objections to the evidence are sufficiently set forth in the opinion. On the trial, the State introduced evidence of alleged voluntary confessions by the defendant that he killed the deceased.

The defendant requested the court to give the following written charges: (1) "The court charges the jury that if the confession is not harmonious and consistent with the other evidence, it should be rejected as wanting in credibility, or as not entitled to weight in determining the question of guilt or innocence of defendant." (2) "The court charges the jury, if, in view of all the evidence, the jury are satisfied that the confession is not harmonious and consistent with

[Welsh v. The State.]

the other evidence, it should be rejected as wanting in credibility, or as not entitled to weight in determining the question of guilt or innocence." (3) "The court charges the jury that the burden is on the State to establish the *corpus delicti* in this State—that is, the State must show that the person named in the indictment was unlawfully killed, and that this defendant had some connection with the said killing—and this connection must be shown by some evidence outside of the admissions of the defendant testified to by the witnesses before the jury; and if the State has failed to do this, the verdict of the jury must be for the defendant."

W. H. STANDIFER and GEO. D. MOTLEY for appellant.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The charge on which defendant was tried and convicted was that he murdered Will Welsh. The sufficiency of the indictment and many other questions were passed on when this was before us at the last term.—11 So. Rep. 450. On the second trial defendant was convicted of murder in the second degree.

It is not shown that any human eye witnessed the homicide, save the deceased and the perpetrator of the crime; and the guilty participation, or act of the accused, was sought to be proved by the defendant's confessions, and by his conduct immediately before and after deceased came to his death. On such inquiry motive, or its absence, opportunity *vel non*, and any conduct of the accused indicating restlessness, or quiet peace of mind, are proper subjects of investigation; and any pertinent facts shedding light on these inquiries may be laid before the jury to aid them in their investigations.—3 Brick. Dig. 283. §§ 504–5; 1 Greenl. Ev., § 13.

Deceased came to his death on the night of July 4. Defendant was then living or staying in the neighborhood in which the killing took place. A day or two afterwards, as the testimony tends to show, he left the neighborhood, and did not return for some months. The prosecution offered to prove, and did prove by witness Wofford, that before July 4; he, Wofford, made a contract with the accused, by which the latter agreed to serve and work for him, and to commence labor on July 6; and that he never came to comply with the contract. This testimony was objected to, and an exception was reserved to its admission. There was nothing in this exception. It was a circumstance tending to

[Thomas v. The State.]

show that prior to the homicide defendant intended remaining in the neighborhood, and that soon afterwards he changed that intention. If there was a reason for the change, defendant would have been permitted to prove it. We think it was a legitimate circumstance of criminating proof. It may have been weak, but its weight was a question for the jury.

The defendant asked the court to give three several charges. They were all refused, and the defendant excepted. The exception, however, was general to the entire ruling on the three charges; and the rule in such case is, that to make such exception available, each charge must assert a correct proposition of law. Exceptions reserved in gross will not be parcelled out by us. 3 Brick. Dig. 80, §§ 38, 40. Charges 1 and 2 are clearly faulty. There is no rule of law that any species of evidence which lawfully goes before the jury, shall be rejected or disallowed by them because it is not harmonious with other testimony. And confessions are no exception to this rule. When there is a want of harmony in the testimony; or, in other words, when there is a conflict, the jury must weigh the testimony, reconcile it if they can, and if they cannot, then they must determine to what extent it convinces their minds, and render their verdict accordingly. In this process, however, they must keep steadily before them the rules of law as given to them by the court, and direct their deliberations according to the instructions given them. The court did not err in refusing charges 1 and 2. We may add that charge 3 is somewhat confusing, and is faulty in a part of its hypothesis. There is no error in the record.

Affirmed.