# Leonard v. The State.

*Indictment for Arson in the Third Degree.*

1. *Arson in the third degree; sufficiency of indictment.*—An indictment which charges that the defendant, "under such circumstances as did not constitute arson in the first or second degree, did willfully set fire to or burn a building   .   .   .   to-wit, a corncrib or cornpen containing corn, against the peace," etc., following substantially the form prescribed by the Code (Code, § 4899,.Form 8), charges arson in the third degree.

2. *Same; what punishment jury may impose.*—Under the statutes (Code, §§ 3784, 4494, 4498, 4499), the only punishment the jury can impose on a conviction for arson in the third degree is the imposition of a fine not exceeding $2,000.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The indictment in this case was as follows:

"State of Alabama, Etowah County, City Court of Gadsden, January Term, A. D. 1892. The grand jury of said county charge that before the finding of this indictment Aaron Leonard, under such circumstances as did not constitute arson in the first or second degree, did willfully set fire to or burn a building of York Rogers, to-wit, a corncrib, or cornpen, containing corn, against the peace and dignity of the State of Alabama."

[Leonard v. The State.]

GEO. D. MOTLEY, for appellant, cited *May v. State*, 85 Ala. 14; Clarke's Manual of Crim. Law, § 2175; Code, §§ 3784, 4500.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The appellant in this case was indicted, tried and convicted of arson in the third degree.

The only questions presented on this appeal arise on the order of the court overruling defendant's motion in arrest of judgment. The grounds of this motion were, that the indictment "failed to aver facts necessary to charge arson in the third degree," and that the verdict of the jury was not authorized by law.

The indictment, as is seen from the Reporter's statement of facts, follows substantially the form given in the Code. Code, § 4899, form 8. The only difference being that the indictment, under which defendant was tried, described the offense charged more particularly than the Code form. It has been repeatedly decided by this court that an indictment is sufficient if it is a substantial copy of the form prescribed by the Code.

The verdict of the jury was in the following language: "We, the jury, find the defendant guilty as charged in the indictment, and assess the fine at ($150.00) one hundred and fifty dollars." The point contended for by counsel in argument is, that the jury could not impose a fine without first imposing a sentence of imprisonment or to hard labor. This contention, although attempted to be rested on the phraseology of the statute, is without foundation. The statute provides, that the defendant "must on conviction, be imprisoned in the county jail, or sentenced to hard labor for the county, . . . and may also be fined," &c., Code, § 3784.

Under the statutes of this State, the only punishment the jury could impose on a conviction for arson in the third degree was the imposition of a fine not exceeding two thousand dollars.—Code, § 4499; *Melton v. State*, 45 Ala. 56. It was within the discretion of the court to fix additional punishment by imprisonment in the county jail or by sentence to hard labor. The law requires the court to fix such punishment, and it would be error if fixed by the jury.—Code, §§ 4494, 4498; *Leoni's Case*, 44 Ala. 110.

The punishment imposed by section 3784 is identical with that imposed by section 3790, with the exception of the amount of the fine. The construction given above is in

accord with that given the latter section, as section 4361 of the Code of 1876, in *Lacy v. State*, 58 Ala. 385.

The court did not err in overruling the motion in arrest of judgment.

Affirmed.