(76 South. 436)
Ex parte MORRISSETTE.   (2 Div. 650.)
(Supreme Court of Alabama.   June 28, 1917.)

CRIMINAL LAW ☜890—VERDICT—SURPLUS-
AGE—FIXING PUNISHMENT.

Where defendant was indicted for an assault to murder, under Code 1907, § 6309, which does not confer upon the jury power to fix the punishment, the court had the right to disregard so much of the verdict as fixed the punishment, and fix the punishment upon the verdict of guilty.

Certiorari to Court of Appeals.

Oscar Morrissette was convicted of an assault with intent to murder, and appealed to the Court of Appeals, where the judgment was affirmed (75 South. 177), whereupon he brings petition for certiorari. Writ denied.

A. M. Pitts and Craig & Craig, all of Selma, for appellant. Wm. L. Martin, Atty. Gen., for the State.

ANDERSON, C. J.   Section 7623 of the Code of 1907 says:

"When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury."

This defendant was indicted and tried for an assault to murder, under section 6309 of

the Code, and which said section does not confer the power to fix the punishment upon the jury, and it should therefore have been fixed by the court, under the terms of section 7623 of the Code. While the jury attempted to fix the punishment, the court had the right to treat this much of the verdict as surplusage, and to fix the punishment, which was done upon the valid verdict of guilt. The jury invaded the province of the court in attempting to fix the punishment, and the court had the right to disregard this much of the verdict, and impose such punishment as was authorized by law, and which was done; and the fact that the jury did attempt to do so did not affect or impair the court's right in the matter. Martin v. State, 125 Ala. 64, 28 South. 92; Taylor v. State, 114 Ala. 20, 21 South. 947.

The case of Leoni v. State, 44 Ala. 110, is not in conflict with this holding, as the opinion there indicates that the trial court had erroneously charged the jury, and, as stated by the Court of Appeals, there was no exception to the charge of the court in the present case, and we must accept its finding of this fact. The record in the Leoni Case has been examined, and shows that the court charged the jury to fix the punishment for an assault to ravish, if they found the defendant guilty of such an offense, and there was an exception to the oral charge of the court. Moreover, the opinion in said case says that the judgment of the court merely followed the verdict. Here the punishment fixed by the court, while corresponding with that attempted to be fixed by the jury, was an express and independent fixation of same.

We do not think that the treatment by the Court of Appeals of the defendant's two requested charges was erroneous.

The writ is denied. All the Justices concur.