(89 South. 859)

**HOGG v. STATE.  (6 Div. 866.)**

(Court of Appeals of Alabama.  June 7, 1921.)

**1. Criminal law ⬤⟿815(1)—Charge which pretermitted all consideration of venue held erroneous.**

In prosecution for violation of prohibition law, charge that defendant should be convicted if jury believed beyond a reasonable doubt that defendant on specified date committed specified acts *held* erroneous, in that it pretermitted all consideration of venue.

**2. Intoxicating liquors ⬤⟿139—Possession of whisky is unlawful.**

The possession of whisky is unlawful under Acts 1919, p. 6, making it unlawful to have possession of prohibited liquors notwithstanding section 5 et seq., pp. 8, 10, 15, 17, permitting the possession of pure grain alcohol under certain circumstances.

**3. Intoxicating liquors ⬤⟿224—The right to possess alcohol found in defendant's possession is a defense to be proven by defendant.**

In prosecution for having possession of alcohol, the right to possess it under Acts 1919, p. 8, § 5 et seq., authorizing the use of pure grain alcohol under certain circumstances and through a prescribed method, is a defense to be proven by the defendant.

**4. Criminal law ⬤⟿814(19)—Charge that defendant could not be convicted of possession of liquor found on another's premises in absence of actual or constructive connection therewith held properly refused as abstract.**

In prosecution for having possession of whisky in violation of prohibition laws, charges that defendant could not be convicted if the whisky was found on another's premises and defendant had had no connection therewith, either actual or constructive, was properly refused, where there was no evidence that the whisky, if found, was found on another's premises.

**5. Criminal law ⬤⟿395 — Evidence obtained through unlawful search inadmissible.**

In prosecution for violation of prohibition laws, evidence obtained through an unlawful search is not admissible over timely objection thereto.

**6. Witnesses ⬤⟿245—Whether counsel may examine witness as to matter to which he has already testified, discretionary with court.**

It was within the discretion of the court as to whether it would permit defendant's counsel to ask questions of a witness when the same ground had already been gone over and the witness had answered the question without evasion.

**7. Intoxicating liquors ⬤⟿233(2), 238(1)—Testimony that jars with whisky odor were found on roof near defendant's room admissible, and raised jury question.**

In prosecution for having possession of whisky, testimony that fruit jars similar to one found in defendant's room containing whisky, some of which had the odor of the same kind of whisky as that found in defendant's room, were found on roof of adjoining building near a window of defendant's room, which opened out onto the roof, *held* admissible, the jars on roof being in such close proximity to and connected with defendant's room as to be a part of the locus in quo, and as to make it a question of fact for the jury as to whether or not the jars had been put on the roof by defendant, or under his direction.

**8. Criminal law ⬤⟿796, 884—Jury not to be instructed as to punishment at hard labor.**

In prosecution for violation of prohibition laws, the jury had nothing to do with the fixing of the punishment at hard labor, and an instruction relative thereto was unnecessary.

**9. Criminal law ⬤⟿866—Quotient verdict will be set aside.**

A quotient verdict, when shown by competent evidence, will always be set aside.

**10. Criminal law ⬤⟿957(1)—Jurors cannot impeach own verdicts.**

Jurors will not be permitted to impeach their own verdicts.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wilson Hogg was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The following charges are referred to in the opinion:

(2) I charge you that if you find from the evidence in this case that the whisky in question was found on another man's premises other than the defendant, and that the defendant had no connection with the whisky, either actual or constructive, it would be your duty to return a verdict of not guilty.

(3) I charge you that the finding of whisky on another's premises is not sufficient to justify a verdict unless it is shown by the evidence, beyond a reasonable doubt, that the defendant has actual or constructive possession of the whisky.

After the trial and conviction of the defendant, motion for new trial was made on the ground that at arriving at their verdict each juror set down certain figures, added them up, and divided them by 12, and that this was the way the verdict was arrived at and the fine assessed. The affidavit of three of the jurors was presented, showing these facts to have existed. One of the attorneys also filed affidavit showing that he had the papers in his hand, showing 12 separate slips of paper wrapped in a larger sheet, that each separate slip contained figures, and that the large sheet contained the figures as was contained on the separate slips, and the group figures were added and the sum total divided by 12, which produced the fine assessed. On motion of the solicitor the judge struck the affidavits of the jurors.

Goodwyn & Ross, of Bessemer, for appellant.

The court erred in the charge given, 166 Ala. 460, 52 South. 75; 61 Ala. 75; 69 Ala. 247; 97 Ala. 1, 12 South. 275; Acts 1919, p. 7. The National Prohibition Act permits the use of spirituous liquors for medical purpose, and supersedes any state law to any contrary effect. 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946; 236 Mass. 281, 128 N. E. 275, 10 A. L. R. 1568. Evidence obtained through unlawful search cannot be used. 162 Ala. 201, 50 South. 270; 189 Ky. 152, 224 S. W. 860, 13 L. R. A. 1303. The court should have granted the motion for a new trial. 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415.

Harwell G. Davis, Atty. Gen., and Ben G. Perry, Sol., of Bessemer, for the State.

Counsel discuss the errors assigned, but without citation of authority.

SAMFORD, J. [1] At the request of the solicitor the court gave in writing this charge:

"I charge you that if you believe from the evidence in this case beyond all reasonable doubt that Wilson Hogg did, on the 1st day of November, 1920, have or possess spirituous liquors in his room, then you must convict this defendant under the second count of the affidavit."

This charge pretermits all consideration of venue, and was error. Bain v. State, 61 Ala. 75; Collier v. State, 69 Ala. 247; Welsh v. State, 97 Ala. 1, 12 South. 275; Alabama S. & W. Co. v. Thompson, 166 Ala. 460, 52 South. 75.

[2, 3] Under our statute the defendant is not authorized by Act 1919, pp. 8, 10, 15, 17, to possess whisky. Those sections of the act referred to only provide for the prescribing and possession of pure grain alcohol, and there is no evidence in this case of any such liquor being found on defendant's premises. Section 2 of the act of the Legislature 1919 (Acts 1919, p. 6) makes it unlawful to have in possession prohibited liquors. Section 5 et seq. authorizes the use of pure grain alcohol under certain circumstances and through a prescribed method, but not whisky and even when alcohol is found in possession of a defendant the right to possess it is a defense to be proven by the defendant. Charge 1 was fully covered by the court's general charge and by the written charges given at the request of defendant.

[4] Charges 2 and 3 are abstract, and were properly refused. There was no evidence to the effect that the whisky, if found at all, was found at a place other than in defendant's chifferobe.

[5] Evidence obtained through an unlawful search, may not be admissible over the timely objection of the defendant, but in this case objection was not made on that ground. Other grounds were stated to the court, which were properly overruled.

[6] It was within the discretion of the court as to whether he would permit defendant's counsel to ask questions of a witness, when the same ground had already been gone over and the witness had answered the question without evasion.

[7] It was shown that the window of defendant's room, where the whisky was found opened on a roof to an adjoining building, and that a number of fruit jars, similar to the one in which the whisky was contained found in defendant's room, some of which had the odor of the same kind of whisky, as in defendant's room, was found on the roof near defendant's window. This was in such close proximity to and connected with defendant's room as to be a part of the locus in quo, and was relevant. It became a question of fact for the jury under the evidence to say whether the jars had been put on roof by defendant or under his direction.

[8] The court properly instructed the jury as to its duty, in case they should find the defendant guilty. The jury has nothing to do with the fixing of the punishment at hard labor, and no instructions as to that part of the punishment reserved to the court is necessary to be given the jury.

[9, 10] Quotient verdict, when shown by competent evidence, will always be set aside, but jurors will not be permitted to impeach their own verdicts, and the affidavits, other than those of the jurors, are not sufficient to establish the fact of a quotient verdict in this case.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⏾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes