34 So.2d 191

## LOWERY v. STATE.

8 Div. 552.

Court of Appeals of Alabama.

Feb. 24, 1948.

Hutson & Russell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The offense alleged to have been committed by the indictment in this case is shown by the evidence to have occurred on the *14th day of December 1944*. The appeal was submitted in this court on the *22nd day of January 1948*.

The indictment charged this appellant (defendant below) with the offense of assault with intent to murder, specifically, that he "unlawfully and with malice aforethought did assault Emmett McMillan with the intent to murder him, against the peace and dignity of the State of Alabama."

The testimony of the State tended to show that Emmitt McMillan, the alleged injured party, rode his horse along a path or road which went near defendant's yard; that as his horse approached defendant's house the latter's dogs started barking and the defendant came to the door; that defendant hollered to him and told him to come back to the house; that defendant was drunk and McMillan would not stop but kept on down the road on his horse; that defendant "cussed" him and said "By God, you will stop;" that

McMillan kept on his way and defendant went in his house and returned with a rifle which he fired at McMillan three times; McMillan claimed that at the time defendant shot he was 75 yards from defendant's house; that one shot hit McMillan in the arm.

It was admitted by defendant that on the occasion in question he did shoot McMillan with a rifle. And the testimony is without dispute that McMillan was wounded in the left arm by the shot from the rifle. The doctor who dressed and treated the wound testified that the bullet entered the outside of McMillan's left arm and penetrated six inches towards the wrist and made its exit at that point.

Defendant's version of the shooting was in material conflict with the testimony of the injured party. He testified substantially, thao he, McMillan, had been drinking on the day of the shooting, and that he came by defendant's house and hollered for defendant; that defendant and his wife came to the door and the said McMillan started "cussing" and said "You God damn son-of-a-bitch, you think I'm afraid of you;" that defendant tried to get him to go along and took hold of his horse to lead it out of the yard; that McMillan then kicked at defendant and ran his hand in his bosom and said "I'll shoot you, God damn you;" defendant then ran upon the porch and grabbed his 22 rifle, which was setting beside the door, and shot McMillan; that at the time he shot McMillan was still right in front of his house with his hand in his bosom.

Defendant being asked, "Was he facing you at the time you shot?" Ans. "No sir, he kind of had his side to me." Q. "Did McMillan have any kind of a weapon on him at the time?" Ans. "I didn't see any * * * he stuck his right hand in his bosom , * * *."

■ The foregoing conflict in the evidence was for the jury to consider and determine.

There were several exceptions reserved to the rulings of the court upon the evidence, each of which has been duly considered by this court. In this connection we have discovered no error calculated to erroneously affect or impair the substantial rights of the defendant.

■ We gather from brief of counsel for appellant that the principal insistence of error is rested upon the action of the trial court wherein the court in its oral charge instructed the jury as follows:

"In the event, after having considered all the evidence in the case, you are satisfied beyond a reasonable doubt that the defendant is guilty of assault with intent to murder, it would be your duty to convict him, and the form of your verdict would be: *'We, the jury, find the defendant guilty of assault with intent to murder, and fix his punishment at blank years in the penitentiary,' inserting in that blank some amount of time not less than 2 years, and not more than 20.* If you find the defendant guilty of assault and battery, the form of your verdict would be: 'We, the jury, find the defendant guilty of assault and battery and fix his fine at blank dollars,' inserting in that blank some amount not to exceed $500.00."

Counsel for defendant duly excepted to the foregoing portion of the court's charge, as follows, to-wit:

"Defendant reserves an exception to that part of the charge as to the verdict that 'if you find the defendant guilty of assault with intent to murder you would fix the punishment at not less than 2 years nor more than 20 years.' And also, the Court did not charge the jury as to the minimum sentence for assault and battery."

Manifestly, the instruction of the court above referred to was erroneous, and it is difficult to understand how the trial court, with the statute, plain and unambiguous before it, and in addition the specific action of counsel in calling the court's attention to it, could fall into error as shown by the record.

As stated, able and earnest counsel for appellant strenuously insist as result of said admitted error, the judgment of conviction should be reversed, and in support of this insistence cite the case of

Leoni v. State, 44 Ala. 110, and Leonard v. State, 96 Ala. 108, 11 So. 307, which cases appear to be in line with this contention.

 The paramount and controlling issue for the jury to consider and determine in this case, was the question of the guilt or innocence of the accused. On this question the jury returned a valid verdict finding the defendant guilty of assault with intent to murder as· charged in the indictment. There can be no controversy as to this. He was duly and legally so adjudged by the court, and his punishment fixed at imprisonment in the penitentiary for a period of two years, which is the minimum punishment provided by the statute; .therefore, we cannot see that injury inured to the defendant as a result of the error complained of. This being true we, perforce, must and do hold that the following rule and principles of law should be here invoked and applied:

"45. Reversals; * * * error without injury.—Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Rules of Practice in Supreme Court, Rule 45, Code 1940, Tit. 7, Appendix.

Supreme Court Rule 45, above quoted, was adopted and promulgated by the court on June 23, 1913. The Leoni and Leonard cases, supra, were decided and promulgated many years prior to adoption of said Rule 45, at which time no such rule existed.

From the whole record it appears that the appellant has been accorded a fair and impartial trial free from prejudicial error.

More than this he has no right to demand or expect.

Affirmed.