206

45 So.2d 783

## BAILEY v. STATE.

### 4 Div. 101.

Court of Appeals of Alabama.

Feb. 7, 1950.

Rehearing Denied March 7, 1950.

J. A. Carnley, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub and Jas. T. Hardin, Asst. Attys. Gen., for the State.

HARWOOD, Judge.

Appeal was originally had to this court in this case on the record proper. The judgment entry showed the fine imposed upon defendant's conviction to have been imposed by the court, rather than by the jury, as required by law.

The Attorney General's petition for a writ of certiorari was granted by this court, and a writ issued to the clerk of the court below commanding that a true and correct copy of the judgment entry be sent up to this court.

In attempting to comply with this writ the clerk of the court below discovered that the written verdict returned by the jury had been lost.

Thereupon the Circuit Solicitor, in conformity with Sections 566 and 567, Title 7, Code of Alabama 1940, filed a petition, asserting therein that the judgment as prepared by the clerk erroneously showed only a verdict of guilty by the jury, with an imposition of a fine by the court, whereas the true verdict rendered by the jury was: "We the jury find the defendant guilty, and assess a fine of $25.00," upon which verdict judgment and sentence was rendered by the court below, and prayed that the judgment be amended nunc pro tunc to show the true verdict.

Upon notice being given, the appellant filed a motion to strike the petition. This motion was overruled, and exception reserved.

Appellant then filed demurrers to the petition which were likewise overruled, with exception reserved.

Appellant then filed a plea in abatement which was stricken upon motion of the State.

Upon the hearing the clerk of the court below testified that she had made diligent search of her office and had been unable to find the verdict rendered in this case; that she knows that the written verdict rendered in this case was lost before she wrote up the judgment, and that the verdict shown in the judgment in this case was actually rendered in another case.

The foreman of the jury rendering the verdict in this case, and also another member of the jury testified that the verdict rendered in this case found the appellant (defendant) guilty, and assessed a fine of $25 against him.

The bench notes of the trial judge, introduced in evidence, also reflected that the fine was assessed in the verdict rendered.

At the completion of this hearing the lower court entered an order nunc pro tunc

amending the judgment theretofore entered.

As amended the judgment is in all respects regular.

The defendant below gave notice of appeal from the order amending the judgment nunc pro tunc.

In Lewis v. State, 10 Ala.App. 31, 64 So. 537, this court had before it a question almost identical to the one here, and presented under highly similar facts. The decision rendered in the Lewis case, supra, fully supports the action of the trial court in amending the judgment in this case. We find no reason for departing from the doctrine of the Lewis case, supra, which compels an affirmance of this cause in all respects.

Affirmed.