65 So.2d 542

## BEARD v. STATE.

### 6 Div. 263.

Court of Appeals of Alabama.

March 17, 1953.

Rehearing Denied May 19, 1953.

---

[1]. 36 Ala.App. 438.

Jas. A. McCollum, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen. (Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel), for the State.

PRICE, Judge.

Count one of the indictment charged that defendant "feloniously took and carried away one barrow white hog, weighing approximately 300 pounds * * * of the value of $100, the personal property of Roe Utley."

Count two charged him with buying, receiving, concealing, etc., stolen property.

The court gave the affirmative charge as to count two of the indictment.

The State contends that Roe Utley owned a white barrow hog, weighing approximately 300 pounds. The last time he saw the hog was at feeding time Friday afternoon, September 8, 1950. Next morning the hog was missing.

The pen had been torn down and blood was on the floor.

The deputy sheriff making the investigation described fresh automobile tire marks found in a slight depression on the edge of the road close to the hog pen. He followed these marks three-quarters of a mile until they entered the Fayette Highway. On Sunday he found an automobile, with defendant at the steering wheel, hooked to another car which was stuck in a ditch on a cut-off leading from the Fayette Highway three-quarters of a mile from Mr. Utley's home. The marks made by appellant's tires were similar to those seen near the hog pen.

The deputy then made an inspection of the car trunk and found buckets and jars containing pork meat and lard. When the officer told defendant to cut his motor and give him the keys defendant backed up, shoved the officer to one side and drove away. The officer fired his pistol and a tire went flat but defendant kept going. The abandoned automobile was found two miles down the road. The officer found white hairs approximately half an inch long in the car trunk at that time.

There was testimony that the value of a barrow hog weighing 300 pounds in Tuscaloosa County on September 8, 1950, was $60 to $70.

Defendant did not testify and no evidence was offered in his behalf.

We are of the opinion the evidence was sufficient to warrant the submission of the question of defendant's guilt to the jury. There was no error in denying the motion to exclude the evidence nor in refusing the affirmative charge.

In the oral charge the court instructed the jury:

"Now, the punishment for petit larceny is as follows: 'And, on conviction, shall be imprisoned in the County Jail, or sentenced to hard labor for the County, for not more than twelve months, and may also be fined not more than Five Hundred Dollars ($500.00), at the discretion of the jury.' It will become your duty to either fix the defendant's punishment at imprisonment in the County Jail or sentenced to hard labor of Tuscaloosa County for not more than twelve months, and you may fix a fine not exceeding Five Hundred Dollars ($500.00) in the event you find him guilty of petit larceny."

The jury returned the following verdict:

"We, the jury, find the defendant guilty as charged in the indictment of petit lar-

ceny and fix his punishment at one year and one hundred Dollars ($100.00) fine."

Thereupon the court stated to the jury:

"The statute says you must fix it in terms of months; not in terms of years, not more than twelve months, so you will have to go back and fix it in terms of months."

Defendant excepted to the returning of the jury to the jury room.

The court then sent for the jury and further instructed them:

"To the end that you may realize what is in the law, I will read to you for your information. 'And, on conviction, shall be imprisoned in the County Jail, or sentenced to hard labor for the County, for not more than twelve months, and may also be fined not more than Five Hundred Dollars ($500.00) at the discretion of the Jury.' In other words, you have to determine whether he will be sentenced at hard labor for Tuscaloosa County or whether he will be imprisoned in the County Jail and determine the amount of fine you put on him."

Defendant excepted to bringing the jury back for further instruction and stated the fixing of hard labor was for the court and not for the jury.

The jury returned the following verdict:

"We, the jury, find the defendant guilty of petit larceny as charged in the indictment and fix his punishment at twelve months hard labor for Tuscaloosa County and a One Hundred Dollar ($100.00) fine."

The court sentenced defendant in accordance with said verdict.

When the law makes it the duty of the court to fix the punishment on conviction of an offense, and the court leaves it to the jury to fix such punishment, it is such an error as will work a reversal of the conviction and sentence. Leoni v. State, 44 Ala. 110; Leonard v. State, 96 Ala. 108, 11 So. 307.

"In convictions of petit larceny, the imposition of imprisonment in the county jail or hard labor for the county as a punishment is for the court, and not for the jury. The jury may simply render a verdict of guilty without imposing a fine, or they may, in their discretion, assess a fine not to exceed $500. But, in either event, it is the duty of the court to impose as a punishment imprisonment in the county jail or hard labor for the county for not more than 12 months." Martin v. State, 125 Ala. 64, 28 So. 92, 95; Sec. 334, Title 14, Code 1940; Busbee v. State, 25 Ala. App. 328, 146 So. 286.

Although the question was not raised by sufficient objection and exception to invite our review, we deem it advisable to suggest that on another trial the State's witness L. T. Utley should not be permitted to state his conclusion that the hair found by him was "from that hog."

Other questions presented will probably not recur in the event of another trial.

Reversed and remanded.

### On Motion for Rehearing

The State insists this case should not be reversed on account of the jury's verdict imposing hard labor, but that such portion of the verdict should be treated as mere surplusage.

The courts have often held that where the jury without authority fixes the hard labor sentence the court may proceed to fix the punishment and sentence, disregarding that portion of the verdict, and it will be presumed that the trial Judge was acting under his own power and authority in awarding the hard labor sentence.

In this case it is manifest the court fixed the punishment under the jury's verdict and we would not be warranted in indulging the presumption that the court was disregarding that part of the verdict and acting under his own authority.

Application overruled.