94 So.2d 884

**Gome HARRIS**

v.

**STATE.**

**4 Div. 319.**

Court of Appeals of Alabama.

April 2, 1957.

Rehearing Denied April 30, 1957.

John Patterson, Atty. Gen., Robt. Straub and Edmon L. Rinehart, Asst. Attys. Gen., for the State.

Smith & Smith and W. R. Belcher, Phenix City, for appellant.

CATES, Judge.

Gome Harris was indicted by the grand jury of Russell County for possessing a still contrary to Code 1940, Title 29, § 131. The court after the jury's verdict adjudged the defendant guilty of possessing a still and sentenced him to two years in the penitentiary.

The trial judge summed up the case to the jury, so far as the facts go, as follows:

"The State contends that they went down here and found this man with a truck that was bogged down, and about 60 or 70 feet from this place, there was a still. And the truck had eight sacks of sugar on it and a sack of shorts, and when the man was arrested, he made the statement without any fear, favor or affection, hope of reward or fear of punishment, he said that the still belonged to him and that he was going to build it up and fix it so that they could work it that night. And the State says or contends that he was in possession of the still and that he is guilty of possessing a still—and that's the State's contention.

"On the other hand, the Defendant contends he never made any such statement. He says some white man came to him and wanted him to go down in the woods there where he was stuck and to help him get his car out of a place where it had been stuck. And the Defendant says he went down in there and found this passenger car bogged down, and that the passenger (car) had eight sacks of sugar and a sack of shorts. And that they went ahead and piled this sugar and shorts out on the ground and that they pushed the white man out and he went away, indicating that he would meet them up at the forks and get the sugar and shorts later that evening. And that while—that they got this truck stuck, the defendant's truck got stuck, and after that the Sheriff came up and caught them."

■ The defendant filed a plea in the nature of a motion to quash on the ground the grand jury returned the indictment without legal evidence. The record is silent as to when this plea was filed, and fails to show that the defendant pressed the trial judge to consider proof of his ground to quash.

The State's brief says:

"* * * Since the burden of proof was on defendant to sustain his motion to quash (Hill v. State, 20 Ala.App. 197, 101 So. 298), and since he must present some evidence to support his contention (Edson v. State, 134 Ala. 50, 32 So. 308; Morris v. State [Ala.], 39 So. 608, not in State Reports), it would seem that he was bound to take action beyond merely calling to the court's attention the fact that he had filed the motion to quash the indictment. * * *"

With this we agree, although it is not needful here and now to say, where there is thought to be error in a ruling on a preliminary matter, that making a record of the event by calling in a court reporter and sending up a transcript is the exclusive method of bringing the question before an appellate court.

■ The defendant claims the corpus delicti was not established (a) for admission of a purported confession, nor (b) for letting the case go to the jury. The first contention is answered in Price v. State, 117 Ala. 113, 23 So. 691, and Bonner v. State, 55 Ala. 242, in that a presumption of correctness attends the trial judge's ruling on admission of a confession, and here there has been presented no evidence of a clear and palpable abuse of that discretion. As to whether or not the defendant was due the affirmative charge, the fact that defendant was within a few feet of a still on land not his own might, unaccompanied by other culpatory circumstances, justify a reversal. Hudson v. State, 249 Ala. 372, 31 So.2d 774. Harris, however, according to the tendency of the

State's evidence, not only had his truck backed up toward what he admitted to be his still, but also had eight 100-pound bags of sugar and a sack of shorts down in a swampy woodland on a dead end trail. This was enough to let the case go to the jury.

Also, under the second contention, the fact that the still lacked certain parts to be complete need not, for the purpose of supporting the verdict, rest upon the evidentiary presumption of Code 1940, Title 29, § 132, but finds support of the commission of the defined crime under § 131 by reason of the evidence of the defendant's statements that the still was his and that they were preparing to run a load that night.

The evidence was for the jury to weigh and the conflicting tendancies of prosecution and defense made issue to be resolved by that body. Bradley v. State, 31 Ala. App. 475, 18 So.2d 702.

■ The "judgment of sentence" initially certified to us shows the jury's verdict as: "We the jury find the defendant *not* guilty and fix his sentence at 2 years in the penitentiary. Oct. 31, 1955. V. O. Deloney, Foreman." (Italics supplied.)

Our first reaction was to regard the word "not" as inadvertent surplusage, particularly since the verdict clearly connotes guilt by sentencing the prisoner to imprisonment. However, punishment for distilling is prescribed by the judge, Code 1940, Title 29, § 133; see also Code 1940, Title 15, § 328. Where the court erroneously charges the jury that its verdict of guilt should include punishment, this is treated as surplusage not affecting the power of the court, Corbitt v. State, 35 Ala. App. 572, 50 So.2d 454; Ex parte Morrissette, 200 Ala. 488, 76 So. 430. Here no exception was made to the oral charge and certainly Leoni v. State, 44 Ala. 110, does

not apply, if it is law today (on the question of failure to render a verdict of guilt), in view of the harmless error provision of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, Lowery v. State, 33 Ala.App. 401, 34 So.2d 191. But this defective verdict is not self-correcting as we construe Huckabaa v. State, 209 Ala. 4, 95 So. 42.

■ After submission here but before our decision, the Attorney General moved to set aside submission for the purpose of filing a motion in the circuit court to amend the judgment nunc pro tunc under Code 1940, Title 7, § 567 et seq. Had this request come after decision (though prior to expiration of time for a rehearing), it would have been too late, Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90. However, at any time before that point is reached, we conceive that it is better for the record to speak the truth even though decision is delayed. Accordingly, we granted the Attorney General's motion permitting the submission to be withdrawn and restored the case to the docket, but only for thirty days, which period seemed sufficient time for the amendatory proceeding in the lower court.

In granting this motion, we followed Bailey v. State, 35 Ala.App. 206, 45 So.2d 783, where a similar nunc pro tunc amendment was brought up by certiorari, that case having been submitted on November 10, 1949, and on the 18th the Attorney General filed a petition for certiorari, which was granted on November 21, 1949.

We have carefully searched the record and have found no other error. The error above mentioned has been corrected in response to the petition for certiorari, and, accordingly, the judgment which shows a verdict of guilty is due to be affirmed.

Affirmed.