The defendant was indicted for the capital offense involving the robbery and intentional murder of Joseph Eugene Nichols. Alabama Code Section 13A-5-31 (a)(2) (1975). A jury found him guilty of murder. Alabama Code Section 13A-6-2 (1975). Sentence was life imprisonment.
 I
In his oral instructions the trial judge charged the jury on the minimum and maximum sentences for various lesser included offenses (murder; robbery I, II and III; theft I; and manslaughter). The trial judge also instructed the jury that "it is the burden of the Judge to impose the penalty. You are not burdened with that responsibility."
Defense counsel objected to that portion of the court's oral charge "going into the punishment for lesser included offenses": "That's not a concern of the jury."
Alabama Code Section 13A-5-1 (a) (1975) provides that "(e)very person convicted of any offense . . . shall be sentenced by the court." This provision of our new Criminal Code, placing the responsibility for sentencing exclusively with the trial judge, changed Alabama law. Commentary to Section 13A-5-1.
In view of this new provision, we have held that requested charges stating the minimum and maximum punishments are properly refused because they do not contain "matter proper for the determination of the jury." Brown v. State, 401 So.2d 213,218 (Ala.Cr.App.), cert. denied, 401 So.2d 218 (Ala. 1981). See also Tait v. State, 37 Ala. App. 130, 65 So.2d 208, cert. denied, 259 Ala. 16, 65 So.2d 212 (1953); Glover v. City ofBirmingham, 36 Ala. App. 51, 52 So.2d 520, cert. denied,255 Ala. 596, 52 So.2d 521 (1951); Hogg v. State, 18 Ala. App. 179,89 So. 859 (1921).
Clearly, permitting the jury to actually fix punishment is error requiring reversal where the duty of fixing punishment on conviction is upon the court. Beard v. State, 37 Ala. App. 189,65 So.2d 542 (1953).
The general rule is:
 "In criminal cases where the assessment of the punishment is by the court and not the jury, any instruction as to the punishment is unnecessary and should not be given, because it can be of no aid to the jury in determining the issue of guilt. However, the giving of such an instruction does not necessarily constitute error. . . . Indeed, there is authority to the effect that the court may, without committing error, instruct as to the penalty for the charged offense." *Page 325 
75 Am.Jur.2d, Trial, Section 888 (1974). In this regard, see also 23A C.J.S. Criminal Law, Section 1290 (1961), which states that "merely reading to the jury the statute which fixes the punishment (where the fixing of the punishment is the duty of the court and not of the jury), although perhaps not to be commended, is not error."
We distinguish an instruction on the minimum and maximum punishment from an instruction or comment on the possibility of pardon or parole or the possibility of the release of one found not guilty by reason of insanity. Boyle v. State, 229 Ala. 212,154 So. 575 (1934); McCray v. State, 261 Ala. 275, 74 So.2d 491
(1954).
Although our specific holding is one of first impression, it is not without the guidance of precedent. Under the "old" criminal code, the judge fixed the punishment for the crime of assault with intent to commit murder. Alabama Code Section 13-1-46, Section 15-18-20 (1975). In Lowery v. State,33 Ala. App. 401, 34 So.2d 191 (1948), it was held that an instruction authorizing the jury to fix the punishment for that crime was harmless error.
In Harris v. State, 39 Ala. App. 99, 102, 94 So.2d 884 (1957), it was held that the punishment for possessing a still is prescribed by the judge, but where the court erroneously charged the jury that its verdict of guilt should include punishment, "this is treated as surplusage not affecting the power of the court." In Harris and Lowery, it was noted, at least by implication, that such error would have required a reversal before the institution of the harmless error rule now found in A.R.A.P., Rule 45. See Leonard v. State, 96 Ala. 108,11 So. 307 (1892); Leoni v. State, 44 Ala. 110 (1870).
Even where the jury actually fixes punishment where that duty rests with the judge, that part of its verdict should be treated as surplusage. Freeman v. State, 151 Ala. 10, 44 So. 46
(1907).
Because "(t)he verdict of a jury in a criminal case should be based solely upon the evidence adduced on the trial and be absolutely free from outside influences", McCray,261 Ala. at 280, 74 So.2d 491, we do not approve of the practice of instructing the jury on punishment where the fixing of punishment is the responsibility and duty of the trial judge. However, in view of the fact that the trial judge also instructed the jury that the burden for imposing the penalties for the lesser included offenses was upon the trial judge and upon the authorities we have cited, we find that these extraneous instructions constitute harmless error. A.R.A.P., Rule 45.
 II
It is argued that the trial judge erred in failing to instruct the jury that the State's use of evidence of the defendant's prior arrests in cross examining the defendant's character witnesses should be considered only with regard to the credibility of the witness and not the character of the defendant.
The rule is found in C. Gamble, McElroy's Alabama Evidence, Section 27.01 (5) (3rd ed. 1977).
 "(I)f a witness testifies at the calling of the accused to the accused's good general reputation as a whole, the State, on cross examination, may ask such witness whether, prior to the time of the alleged offense, he heard reports, rumors or statements derogatory of the accused. This allowance for the State to introduce testimony of the accused's prior specific bad acts is justified upon the basis that such tests the credibility of the character witness — i.e., it tests whether he does indeed know the accused's good general reputation. . . . Whenever the State utilizes this method of introducing prior specific bad acts, the attorney for the accused should move for an instruction to and ultimately a charge to the jury that they can only consider the existence of such prior acts in testing the credibility of the character witness and that they cannot consider such acts as they might reflect upon the character of the accused."
The first time defense counsel orally requested such instructions, the trial judge *Page 326 
denied the request stating, "Well, the instruction that you are referring to, I mean may be given to the Court in a charge at the end of the trial. This was on the State's cross examination of defense witness Ann Robertson. At this point I would deny the motion."
Witnesses Wesley Tillman, Bernice Sprague, and Pauline Moody also testified to the defendant's good general reputation. However, there was no objection to the State's attempted impeachment of the credibility of these witnesses by questions concerning the defendant's prior arrests for grand larceny and fraudulent use of a credit card.
A second request was denied without comment during the State's cross examination of witness Gilda Degeer. After this witness had been excused, defense counsel made his third request for limiting instructions.
 "MR. DEEN (Defense Counsel): I would ask for instruction from the Court as to the District Attorney's questioning about the prior arrests of the defendant, it would go towards his, Tommie Lee's . . . go towards the witness's credibility, not towards the character of Tommie. I just ask for an instruction.
 "THE COURT: I think what you are trying to ask me to do with the jury . . . Members of the jury, the area relating to reputation, where on cross examination matters or specific acts are brought to the attention of the party testifying as to the good reputation, those matters relate just to the area of this particular reputation-type evidence. They don't go to the question of guilt or innocence as to the defendant. And, of course, the defendant is not being tried on any other charges, other than the charge set out in the indictment."
Defense counsel made no objection to this charge and did not request additional instructions. Witnesses Earl Wheeler and Erlene Wheeler were later questioned by the State about the defendant's prior arrests, but no objection was made.
On cross examination of the defendant the State elicited testimony that the defendant pled guilty to the offense of attempting to fraudulently use a credit card.
The defendant did not present the trial judge with any written requested charge covering or concerning the oral instructions previously requested. The court's oral charge to the jury did not mention this issue.
Although the instructions the trial court gave to the jury at the defendant's request during the trial could have more clearly expressed the principle that the jury can only consider the existence of the prior arrests in testing the credibility of the character witness and cannot consider such acts as they might reflect upon the defendant's character, there was no objection to the instruction as given and no request for further instruction on this principle. In view of this fact, we find no adverse ruling of the trial judge to review on this appeal.
On appeal, the defendant argues that the given instruction "was not responsive to the one requested and . . . is vague and misleading." This objection was nowhere made at trial and hence review is precluded. The proper procedure for preserving the right to assert error on appeal for the giving of an erroneous, misleading, incomplete or otherwise improper oral charge is for the defendant to object thereto, before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Allen v. State, 414 So.2d 989
(Ala.Cr.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982).
 III
After deliberating for a while, the jury returned to the courtroom and asked the trial judge to again charge them on the elements of murder and robbery. The question was, "Please describe the elements that have to be present to the charge of Murder and Robbery in the First Degree?"
The trial judge charged the jury on the elements of murder and of robbery in all three degrees. Defense counsel objected to the court's failure to charge the jury on the heat of passion under legal provocation defense *Page 327 
codified in the same statute which defines murder. Alabama Code Section 13A-6-2 (b) (1975). In response to the exception the trial judge stated: "(T)he Court was not asked by the jury to go into these areas. And I did not, of course, go into other related areas of the charge. * * * And I limited the Court's answers to the questions made, to strictly what the elements were of those crimes, which was all that was embodied in the question." The trial judge then asked the jury, "Was there any desire on behalf of the jury that the Court go further in the explanation of the elements of the crime?", to which the record reflects the jury responded, "No".
A similar argument was advanced in East v. State,339 So.2d 1104, 1106 (Ala.Cr.App. 1976), where this Court held, "when a jury calls for additional instruction and clearly delineates the area of its request, it is usually better for the trial court to remain within such area." There we held it was not error for the trial judge to fail to charge the jury on the heat of passion principle where the jury requested the court "to reread what constituted first-degree murder, second-degree murder, first-degree manslaughter and second-degree manslaughter." See also Thomas v. State, 393 So.2d 504
(Ala.Cr.App. 1981) (no error where trial judge did not reread full charge on self-defense where jury returned and requested court to reread instructions on first-degree and second-degree manslaughter).
In view of the fact that the judge fully answered the jury's specific request and upon the court's inquiry, the jury made it clear that no further instruction was desired, we find no error in the judge's refusal to give any additional instructions.
We have answered every issue raised on appeal. The evidence fully justifies the verdict of the jury. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.