I concur in Part I (the facts and the procedural history), in Part II (the rationale and holding approving the lodestar method for calculating the attorney's fees in this case), and the introductory explanation preceding Part I. I concur in the result of the introductory portion of Part III about the method of calculating an *Page 688 
attorney's fee under the lodestar method. While the explanation of the method itself is clear and helpful, I question the threat to the ore tenus rule posed by the statement in the main opinion that, "[n]evertheless, the trial court's order regarding an attorney fee must allow for meaningful review by articulating the decisions made, the reasons supporting those decisions, and the performance of the attorney-fee calculation." 810 So.2d at 682. I respectfully dissent from Part III.A. insofar as it infringes the ore tenus rule and tweaks the computation of the compensable hours.
The main opinion says, "Because of the trial court's silence with respect to these contentions, we are left to examine the record in order to fulfill our duty of meaningful review." 810 So.2d at 682. This statement, too, seems to be an incursion on the ore tenus rule. Our general rule of appellate review is that a trial court is deemed to have found all of the facts necessary to its decision, unless such fact findings would be clearly erroneous. Ex parte Bryowsky, 676 So.2d 1322,1324 (Ala. 1996) ("It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous"); Lemon v. Golf Terrace OwnersAss'n, 611 So.2d 263, 265 (Ala. 1992) ("[W]here a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous").
I respectfully dissent from Part III.B. insofar as it tweaks the finding of the trial court on the reasonable hourly rate. The trial judge is entitled to apply common knowledge in the legal community where he presides.
I respectfully dissent from Part III.C. insofar as it reduces the multiplier from 2 to 1.5. The main opinion bases the reduction on a negative analysis of one of the 13 factors. We do not know that the trial judge has not already considered this same negative analysis as to this particular factor but has found the multiplier of 2 appropriate on the basis of one or more of the other 12 factors. The plaintiffs sought a multiplier of 4.5. Mashburn v. National Healthcare, Inc., 684 F. Supp. 679
(M.D.Ala. 1988), applied a multiplier greater than 3.
The trial judge's order explains his decision to apply the multiplier of 2:
 "This Court believes that an enhancement multiplier is appropriate in this case because this case was extremely difficult, protracted, complex, novel, and because the Plaintiffs' attorneys during various periods of time had to devote essentially all of their time to this case. They suffered financial hardship due to their involvement in the case and used their personal and financial resources for the benefit of the citizens of Birmingham.
 "Moreover, an enhancement multiplier is justified because Plaintiffs' only hope of obtaining fees in this case was premised on a special equity exception to the American Rule. In this case Plaintiffs' attorneys did not have a contract and they did not have the benefit of some fee shifting statute which would have guaranteed them a fee in the event that they were prevailing parties. Plaintiffs not only had to prevail, but they had to prove that they provided a common benefit to all of the citizens of Birmingham. They succeeded only when the highest court in the state, the Alabama Supreme Court, made the finding that Plaintiffs' attorneys were entitled to an award under the common benefit or common fund *Page 689 
doctrine. The Plaintiffs' chances of prevailing in this case were slim indeed. In fact, this Court publicly opined in the past that Plaintiffs had about as much chance of succeeding in this litigation as a hunchbacked grandmother had of straightening up. The risk that Plaintiffs took and the tremendous efforts Plaintiffs exerted deserve a multiplier as was in Mashburn, 684 F. Supp. 679 (M.D.Ala. 1988). In Mashburn, supra, the Plaintiffs were credited with a multiplier of 3.122. The Plaintiffs allege this case was much more complex and difficult than the Mashburn case and seek an enhancement multiplier of 4.5 which would result in claimed fees in excess of 6½ millions."
Our tweaking this multiplier is another violation of the ore tenus rule.
I concur in Part IV of the main opinion. I agree with the rationale and holding "that § 11-93-2 and § 11-47-190[, Ala. Code 1975,] do not apply to attorney-fee awards." 810 So.2d at 685.
In summary, I would affirm the judgment of the trial court in case number 1991455, City of Birmingham v. William Fred Horn. I do concur in the main opinion insofar as it affirms the judgment of the trial court in case number 1991558, William Fred Horn et al. v. City of Birmingham etal.